# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 2, 2002 Session

## CHARLOTTE MCCALL v. NATIONAL HEALTH CORPORATION, ET AL.

**Appeal by Permission from the Circuit Court for Rutherford County**
**No. 45480      Robert E. Corlew, III, Judge**

---

**No. M2001-03166-SC-R9-CV - Filed March 13, 2003**

---

We granted interlocutory appeal in this workers' compensation case, and in the companion case of Shelton v. ADS Environmental Services, pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. These cases present the following issues: whether the trial court has the authority to initiate temporary benefits pre-trial and, assuming the trial court has this authority, whether it must hold a full evidentiary hearing[1] prior to initiating temporary benefits. After careful examination of the workers' compensation statutes and the applicable case law, we hold that the trial court has the power to initiate temporary workers' compensation benefits prior to trial and that it may do so without first holding a full evidentiary hearing.

**Tenn. R. App. P. 9; Judgment of the Circuit Court is Affirmed; Case Remanded**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

John W. Rodgers, Murfreesboro, Tennessee, and Terry L. Hill and John L. Meadows, Nashville, Tennessee, for the appellant, National Health Corporation.

Larry R. McElhaney II and S. Alexa Whittemore, Nashville, Tennessee, for the appellee, Charlotte McCall.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and E. Blaine Sprouse, Assistant Attorney General, Nashville, Tennessee, for the Amicus Curiae, State of Tennessee.

Gary S. Napolitan, D. Scott Bennett, and Bruce D. Gill, Chattanooga, Tennessee, for the Amicus Curiae, Tennessee Defense Lawyers' Association.

---

[1]We use the term "full evidentiary hearing" to mean a hearing during which live testimony is offered and the parties may conduct cross-examination.

April Carroll Meldrum, Clinton, Tennessee, for the Amicus Curiae, Tennessee Trial Lawyers Association.

**OPINION**

The case under submission and <u>Shelton v. ADS Environmental Services</u> are both before this Court on interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. Both cases address the trial court's authority to initiate temporary workers' compensation benefits prior to trial. In the case under submission, the employer contends additionally that even if the trial court has the power to initiate temporary benefits, it must hold a full evidentiary hearing prior to such initiation. Although these cases were neither tried together nor consolidated on appeal, we permitted them to be argued together because of the similarity of the issues. Thus, we have elected to treat them as companion cases and to allow them to share the same decisional track as related, but not connected, cases.

I. Facts and Procedural History

On November 20, 2000, Charlotte McCall, the plaintiff herein, avers that she suffered a mental injury after her supervisor at National Health Corporation ("National") grabbed her shoulders and shook her forcefully while speaking angrily and aggressively to her. Both parties agree that the incident occurred during the course and scope of McCall's employment with National. On January 8, 2001, McCall gave National written notice of her injury and requested a panel of physicians. The doctor whom McCall selected, Warren Langworthy, M.D., opined that McCall suffered from "something like a post-traumatic stress disorder" and referred her to Ravi Singh, M.D., a psychiatrist. After examining McCall, Singh stated that McCall suffered from "work-related stressors" that caused "great distress." He also stated that "she suffers from debilitating anxiety and depression that make it impossible to function in any job situation at this time."

McCall forwarded this information to National and requested temporary workers' compensation benefits. National denied this request, and McCall filed a request for the initiation of temporary benefits with a workers' compensation specialist.[2] The specialist denied McCall's request, and McCall filed suit in the Circuit Court of Rutherford County seeking workers' compensation benefits. Thereafter, McCall filed a motion for the initiation of temporary benefits, which the trial court granted. National then sought, and was granted, an interlocutory appeal.

Before this Court, National contends that the trial court is without jurisdiction to initiate temporary workers' compensation benefits prior to trial. Additionally, National suggests that even if the trial court has jurisdiction, it is required to hold an evidentiary hearing prior to the initiation

---

[2]The legislature created the workers' compensation specialist program by enacting Tennessee Code Annotated sections 50-6-236 and 50-6-238.

of such benefits. Because we perceive that there is a need for uniformity in this area of workers' compensation law, we granted review.[3]

## II. The Trial Court's Authority to Initiate Temporary
## Workers' Compensation Benefits

The first issue we will address is whether the trial court has the authority to initiate temporary workers' compensation benefits.

### A. Standard of Review

The issues before this Court are ones of first impression and call upon us to interpret the workers' compensation statutes. Issues of statutory interpretation are reviewed de novo with no presumption of correctness afforded to the trial court. Memphis Publ. Co. v. Cherokee Child. & Fam. Servs., 87 S.W.3d 67, 74 (Tenn. 2002); Gleaves v. Checker Cab Transit Corp., 15 S.W.3d 799, 802-03 (Tenn. 2000); Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

### B. Analysis

By the enactment of Acts 1992, ch. 944, § 11 and Acts 1992, ch. 900, § 13, now codified as Tennessee Code Annotated sections 50-6-236 and 50-6-238, respectively, the General Assembly created the workers' compensation specialist program. The specialist created by this legislation is empowered to "assist injured or disabled employees, . . . employers . . . and other persons in protecting their rights and obtaining information under workers' compensation laws." Tenn. Code Ann. § 50-6-236 (1999). In addition, the specialist has the power to initiate temporary disability benefits and medical benefits. Tenn. Code Ann. § 50-6-238 (1999). National contends that these statutes vest exclusive power in the specialist to initiate temporary benefits prior to trial. To address this contention, we first consider whether the trial court had this authority prior to the enactment of the statute.

In 1992, Tennessee Code Annotated section 50-6-225(a)(1) read, similarly to the current statute, "In case of a dispute over or failure to agree upon compensation under the Workers' Compensation Law between the employer and employee . . . either party may submit the entire matter for determination to the judge . . . and such judge is vested with jurisdiction to hear and determine the issues and render and enforce judgment." Under the statute, an employee was able to request that temporary benefits be initiated, and the trial court had the power to award such benefits prior to trial. See Fagg v. Hutch Mfg. Co., 755 S.W.2d 446, 447 (Tenn. 1988) (upholding without comment the trial court's initiation of temporary benefits). Therefore, we conclude that,

---

[3]Rule 9 review is appropriate, *inter alia*, when there is "[a] need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment." Tenn. R. App. P. 9 (a)(3).

prior to the 1992 amendment, trial courts had authority to initiate pre-trial temporary benefits in workers' compensation cases.

Having so decided, we consider whether the enactment of Tennessee Code Annotated sections 50-6-236 and -238 divests the trial court of the authority to initiate temporary benefits and vests such power exclusively in the workers' compensation specialist. National contends that by creating the workers' compensation specialist and providing the specialist with the power to initiate pre-trial benefits, the legislature intended that the specialist's authority be exclusive.

The legislature's stated purpose in creating the workers' compensation specialist was "to assist" injured employees and employers in protecting their rights and obtaining information pursuant to the workers' compensation laws. See Tenn. Code Ann. § 50-6-236(a) (1999). The proceeding over which the workers' compensation specialist presides, a benefit review conference, is intended to be an "informal dispute resolution proceeding" designed to, among other things, "[m]ediate and resolve disputed issues by mutual agreement of the parties; . . . [p]rovide an opportunity for, but not to compel, a binding settlement of some or all of the issues present at the time; [and] . . . [f]acilitate the resolution of issues without the expense of litigation . . . ." Tenn. Code Ann. § 50-6-237(a)(3)-(5) (1999). By its plain terms, the statute provides an alternative procedural vehicle for the more expeditious resolution of workers' compensation claims. Thus, instead of filing a complaint, an injured worker may present the case to a benefit specialist. The statute does not purport to confer any adjudicative power on the specialist, rather it contemplates that the specialist will act as a mediator.

Had the legislature additionally intended to divest trial courts of the power to award pre-trial benefits, it could have stated that intention. The legislature did not enact a statute requiring that an employee exhaust administrative remedies prior to commencing a lawsuit or enact a statute requiring that the employee go before a workers' compensation specialist to commence benefits. Instead, the legislature enacted a permissive statute that allows, but does not require, an injured employee to go before a workers' compensation specialist. By referring to the proceeding held by the specialist as an "informal dispute resolution proceeding," the legislature clearly expressed the intent that it be an alternative to litigation.

National contends that the legislative intent that the specialist's authority be exclusive is demonstrated by the provision that improperly paid benefits are recoverable from the Second Injury Fund only if their payment was initially ordered by a specialist. Tenn. Code Ann. § 50-6-238(b) (1999). We find that this argument is without merit. The trial court has the authority to order that an employee reimburse the employer for any temporary benefits improperly paid by an employer. See Frazier v. AFG Indust., No. 03S01-9308-CV-00058, 1994 WL 901467, at *2 (Tenn. Jun. 14, 1994) (accepting and approving the opinion of the special workers' compensation appeals panel, which held that the trial court could order that an employee repay the employer for temporary total benefits paid to the employee after the trial court found that there was no permanent partial disability); Nat'l Healthcorp, L.P. v. Puckett, No. 01S01-9510-CV-00187, 1996 WL 521391, at *2 (Tenn. Workers' Comp. Panel Sept. 13, 1996) (affirming the trial court's finding that the employee

did not suffer a permanent disability and its subsequent holding that the employee must reimburse the employer for temporary benefits paid beyond the employee's period of temporary disability). National's perception of the adequacy of this remedy is not indicative of any legislative intent. Moreover, we consider the right to benefits and the right to recover improperly paid benefits to be separate issues; only the question of McCall's <u>receipt</u> of benefits is before us at this time. National has made no attempt to recover from McCall the trial court's initial award of temporary benefits.

Similarly, National's contention that allowing a trial court to initiate temporary benefits is a violation of National's due process rights is also without merit. National asserts that, since it would have no recourse to obtain any monies wrongfully paid, allowing the trial court to initiate temporary benefits deprives National of its property without a trial on the merits of the claim, in violation of the Due Process Clauses of the Tennessee and United States Constitutions. We are not persuaded by this argument. As we previously stated, a trial court can order the employee to reimburse any funds that were improperly paid to the employee. Therefore, any due process argument fails because an employer does, in fact, have recourse should the court later determine that the claimant did not suffer a compensable injury.

Finally, we acknowledge National's contention that conclusive proof that the trial court has no power to initiate temporary benefits is established by the legislature's refusal to enact subsequent legislation proposed to specifically imbue the trial court with this authority. While we acknowledge this argument, we cannot agree that this is conclusive proof of legislative intent because other inferences may be drawn. Admittedly, one inference is that the legislature did not intend for the trial court to have this power. Another inference, equally persuasive, is that the legislature believed that the trial court already had this power, making subsequent legislation unnecessary.

Accordingly, we conclude that the legislature did not intend by enacting sections 50-6-236 and -238 to divest the trial courts of the authority to commence pre-trial temporary workers' compensation benefits. This holding is fully consistent with the stated purpose of the Workers' Compensation Act, which seeks, *inter alia*, to provide injured employees with funds in lieu of wages and funds with which to obtain necessary medical attention. Thus, we hold that trial courts have the authority to initiate temporary workers' compensation benefits before a final adjudication of the employee's claim.

III. The Necessity of a Full Evidentiary Hearing Prior to the Initiation of Temporary Workers' Compensation Benefits

Because we have determined that the trial court has the authority to initiate temporary benefits pre-trial, we now address whether a full evidentiary hearing[4] is necessary prior to such initiation.

---

[4]Again, we use the term "full evidentiary hearing" to mean a hearing during which live testimony is offered and the parties may conduct cross-examination.

We will not dictate to a trial court the measure of evidence necessary to determine whether to initiate temporary benefits. Similarly, we will not mandate how that evidence must be adduced. Indeed, in some cases a full evidentiary hearing may be necessary for the trial judge to make this determination. In others, the trial court may find sufficient evidence in the record upon which to base its determination, thereby making a hearing unnecessary. When deciding to initiate temporary benefits, the trial court must consider whether, from the record before it, the employee seeking benefits is likely to succeed on the merits of the claim. This standard is similar to those applied by the trial court when making other temporary judgments. S. Cent. Tenn. R.R. Auth. v. Harakas, 44 S.W.3d 912, 919 n.6 (Tenn. Ct. App. 2000) (discussing Tenn. R. Civ. P. 65); see Elliot v. Univ. of Tenn., 766 F.2d 982, 986 (6th Cir. 1985); Workman v. Sundquist, 135 F. Supp. 2d 871, 872 (M.D. Tenn. 2001).

We think that the decision regarding evidentiary requirements is better left to the trial court. Therefore, if the trial court can determine whether benefits should be initiated based upon the record before it, no further inquiry is necessary. This holding does not prejudice either party, in that the trial court may reconsider its decision at the time of trial and the trial court's judgment is reviewable on appeal.

IV. Conclusion

In accordance with the foregoing, we find that the trial court has the power to initiate temporary benefits in a workers' compensation case and that it does not have to hold a full evidentiary hearing prior to such initiation unless the trial court finds it necessary. Therefore, we find the trial court did not exceed its authority in ordering National to commence temporary benefits to McCall pending a final adjudication on the matter. Accordingly, the order of the trial court is affirmed and the case is remanded to the trial court for proceedings consistent with this opinion. Costs of this appeal are taxed to National Health Corporation for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE