IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 28, 2011 Session

# RANDSTAD NORTH AMERICA, L.P. v. TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

An Appeal from the Chancery Court for Davidson County
No. 09-716-II     Carol L. McCoy, Chancellor

No. M2011-00070-COA-R3-CV - Filed November 1, 2011

This appeal involves the constitutionality of a statute on temporary disability benefits, T.C.A. § 50-6-238. The plaintiff employment agency refused to pay temporary disability benefits to an employee who claimed that she was disabled from an on-the-job injury. The employee filed a request for assistance with the defendant Tennessee Department of Labor and Workforce Development pursuant to T.C.A. § 50-6-238. A workers' compensation specialist entered an order requiring the employer to pay temporary disability benefits to the employee. The employer filed an unsuccessful administrative appeal. The employer then filed the instant petition for common law writ of certiorari alleging, *inter alia*, that the procedures in T.C.A. § 50-6-238 violate the employer's right to procedural due process. The trial court agreed and held the statute to be unconstitutional on its face. The State appeals. In light of this Court's recent decision in *Tyson Foods v. TDOL,* No. M2010-0227-COA-R3-CV, 2011 WL 4790980 (Tenn. Ct. App. Oct. 10, 2011), we reverse the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Reversed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Robert E. Cooper, Jr., Attorney General & Reporter; Joseph F. Whalen, Associate Solicitor General; and Joshua Davis Baker, Assistant Attorney General, for the Respondent/Appellant The Tennessee Department of Labor and Workforce Development

Gregory H. Fuller, Knoxville, Tennessee, for the Petitioner/Appellee Randstad North America, L.P.

Donald D. Zuccarello, Nashville, Tennessee, for the Respondent/Appellee Erica Doud[1]

## OPINION

Petitioner/Appellee Randstad North America, L.P. ("Randstad"), is an employment agency, and Respondent/Appellee Erica Doud ("Ms. Doud") was an employee of Randstad. On July 30, 2008, while working as a temporary employee at the Calsonic factory in Lewisburg, Tennessee, Ms. Doud reported a work-related injury to her left shoulder.[2] Randstad accepted the claim as a compensable injury, and Ms. Doud was restricted to light-duty work. Ms. Doud immediately received light duty work at Calsonic. She continued working in that capacity, and she also continued to receive medical treatment for her injury. On November 7, 2007, Ms. Doud was laid off by Calsonic due to "the slumping economy."

After the termination of Ms. Doud's assignment at Calsonic, Randstad declined to pay Ms. Doud temporary disability benefits, but instead sought other light-duty positions for her. On November 20, 2008, Ms. Doud filed a request for assistance with the Respondent/Appellant Tennessee Department of Labor and Workforce Development ("the Department" or "TDOL") seeking temporary disability benefits pursuant to Tennessee Code Annotated § 50-6-238(a)(2). That statute provides that, "[i]f, in light of available information, a workers' compensation specialist determines that it is appropriate to order the payment of temporary disability benefits to an employee, then a workers' compensation specialist may order the initiation, continuation or reinstitution of the benefits by an employer or the employer's workers' compensation insurer." Tenn. Code Ann. § 50-6-238(a)(2) (2008). Ms. Doud's claim was assigned to Workers' Compensation Specialist Henry Tupis ("Mr. Tupis").

---

[1]Ms. Doud did not file an appellate brief, but she filed a notice that she joined with the brief of the Department. She also argued that any amount determined to have been paid by Randstad in error must be refunded from the Second Injury Fund, and not from her, pursuant to Tennessee Code Annotated § 50-6-238(b).

[2]The facts recited herein are taken from Randstad's amended petition for writ of certiorari and are not disputed for purposes of this appeal.

On January 2, 2009, Mr. Tupis sent a letter to the parties setting January 29, 2009, as the deadline for submitting information to him about whether Ms. Doud should be awarded temporary disability benefits. The letter informed Randstad that, "[i]n the event that the Department finds that disability benefits are owed and have been paid in an untimely manner, the Employer/Carrier may be subject to a civil penalty(s) pursuant to T.C.A. § 50-6-205." In response to Mr. Tupis's letter, Randstad submitted documentation showing that Ms. Doud was offered and refused light duty work on December 12, 2009, at Ace Bayou in Lewisburg. Ms. Doud submitted information to Mr. Tupis as well.

On February 4, 2009, Mr. Tupis issued an order awarding Ms. Doud the maximum temporary disability and medical benefits of "$752.00 per week because the employer/carrier provided no wage statement." Immediately, on February 5, 2009, Randstad submitted a C41 wage statement, showing that Ms. Doud's proper compensation rate was $233.98 per week. Randstad requested that Mr. Tupis's order be modified to reflect this rate. Citing Section 50-6-201(c), Randstad argued that it was not required to file a wage statement because Ms. Doud had returned to her employment within seven days of her injury. After that, Mr. Tupis issued a modified order reducing the compensation rate for the temporary disability benefits going forward, but he did not modify the order for past benefits.

Randstad requested administrative review of Mr. Tupis's order pursuant to Section 50-6-238(d)(1)(B), and also requested a formal contested case hearing and declaratory order.[3] The Department declined to convene a contested case hearing, but instead conducted an informal teleconference on February 18, 2009.[4] In the teleconference, Randstad argued, among other

---

[3]That statute provides:

> If a specialist issues an order for the payment of workers' compensation benefits pursuant to this section, the party against whom the order was issued may request the administrator of the division of workers' compensation to administratively review the specialist's order by submitting a written request to the administrator in a format specified by the administrator. . . .

Tenn. Code Ann. § 50-6-238(d)(1)(B)(i).

[4]Section 50-6-238(d)(2)(A) describes the method of review of a workers' compensation specialist's order:

> (2)(A) After receipt of a written request for administrative review of a specialist's order, an informal conference with the affected parties shall be conducted by the administrator or the administrator's designee. The informal conference with the administrator or the administrator's designee shall occur within ten (10) calendar days of the date the administrator received the written request for administrative review. The administrator's

(continued...)

things, that imposing the maximum compensation rate penalized Randstad in the amount of $6,734.26 for not filing a wage statement, and that the procedures in Section 50-6-238 are unconstitutional. On February 24, 2009, the Department affirmed the order awarding temporary disability and medical benefits to Ms. Doud. In upholding the decision, the Department determined that it was authorized to order "temporary disability benefits," found that Ms. Doud had called in every week looking for work but was never offered light-duty work, and held that the Department lacked jurisdiction to address constitutional issues. The Department ordered Randstad to pay the past temporary disability benefits within ten days or face $10,000 in civil penalties pursuant to Section 50-6-238(d)(3).[5] On March 9, 2009, Randstad again requested a contested case hearing and petitioned the Department for a declaratory order pursuant to Section 4-5-223(a). Two days later, the directors of the Department's Administrative Review and Penalty Programs wrote a letter to Randstad's attorney, denying Randstad's request for a hearing or declaratory order and advising him that Randstad may file suit "after the administrative process is exhausted" if it is aggrieved with the decision.

On April 14, 2009, Randstad filed the instant petition in the Chancery Court of Davidson County, seeking a common law writ of certiorari and/or a declaratory judgment pursuant to Section 4-5-225 of the Uniform Administrative Procedures Act. In that petition, Randstad requested, among other things, that the trial court declare Tennessee Code Annotated § 50-6-238(a)(2) to be facially unconstitutional on the ground that it violated procedural due process. The trial court refused to issue the writ because Randstad had not exhausted its administrative remedies, but it considered Randstad's constitutional challenge. On April 22, 2010, the trial court held a hearing on the constitutional due process issue. On November 22, 2010, the trial court entered an order holding that Section 50-6-238(a)(2), vesting

---

[4](...continued)
> designee shall be a Tennessee licensed attorney, shall have a minimum of five (5) years of experience with the Workers' Compensation Law, compiled in this chapter, and shall not be the specialist who issued the order that is the subject of administrative review.

Tenn. Code Ann. § 50-6-(d)(2)(A).

[5]That statute provides in part:

> If an insurer, self-insured employer or self-insured pool fails to comply with an order issued by a specialist within fifteen (15) calendar days of receipt of the order, or fails to comply with an order issued by the administrator or administrator's designee within ten (10) calendar days of the receipt of the order, whichever is applicable, the commissioner shall assess a penalty in the amount of ten thousand dollars ($10,000).

Tenn. Code Ann. § 50-6-238(d)(3).

discretion in a Workers' Compensation Specialist to order the payment of pretrial temporary disability benefits, violated Randstad's procedural due process rights, but not its substantive due process rights. The trial court determined that the employer had a substantial private interest at stake, that the risk of erroneous deprivation of property was too high under the statutory scheme, and that the statutory procedures do not provide the employer a meaningful hearing to review the order of the Specialist. Based on these findings, the trial court concluded that the statute "does not provide for any meaningful manner to review the specialist's order or the Department's order upholding it. . . . For the foregoing reasons, [Section 50-6-238(a)(2)] is declared to violate Randstad's procedural due process rights and is held to be unconstitutional." From this order, the Department now appeals.

### ISSUE ON APPEAL AND STANDARD OF REVIEW

The Department raises a single issue on appeal, namely, whether the trial court erred in declaring Section 50-6-238(a)(2) to be unconstitutional on procedural due process grounds. Whether the statute is facially unconstitutional is a question of law, which we review *de novo*, affording no presumption of correctness to the trial court's conclusion. ***See Lynch v. City of Jellico***, 205 S.W.3d 384, 390 (Tenn. 2006). In addressing this issue, we must be mindful that "[s]tatutes enacted by the legislature are presumed constitutional. Thus, we must 'indulge every presumption and resolve every doubt in favor of constitutionality.'" ***City of Oakland v. McCraw***, 126 S.W.3d 29, 38 (Tenn. Ct. App. 2003) (citing ***Vogel v. Wells Fargo Guard Servs.***, 937 S.W.2d 856, 858 (Tenn. 1996)).

### ANALYSIS

On October 11, 2011, after oral argument was conducted in this case, the Department filed a notice of supplemental authority pursuant to Tennessee Rule of Appellate Procedure 27(d), citing a recent case decided by this Court on similar facts, ***Tyson Foods v. Tennessee Department of Labor***, No. M2010-02277-COA-R3-CV, 2011 WL 4790980 (Tenn. Ct. App. Oct. 10, 2011). As we find this case to be determinative, we discuss it at length.

In ***Tyson Foods***, a Tyson Foods employee filed a request for assistance with the Department, claiming that she had suffered a work-related injury and was entitled to temporary disability benefits. Pursuant to Section 50-6-238(a)(2), the statute at issue in this appeal, the workers' compensation specialist assigned to the Tyson Foods employee's case determined that she was entitled to benefits and ordered Tyson Foods to commence paying her workers' compensation benefits. Tyson Foods pursued an administrative appeal of the Specialist's order, but the Department affirmed the order requiring the payment of benefits. ***Tyson Foods***, 2011 WL 4790980, at *1.

After that, Tyson Foods filed a common law petition for writ of certiorari, seeking review and reversal of the Department's order. As Randstad argues in the case at bar, Tyson Foods argued, among other things, that "its due process rights were violated because there is not an adequate appellate process for review of the Request for Assistance order." *Id.* The Department filed a motion to dismiss Tyson Food's petition, asserting that the trial court did not have subject matter jurisdiction over it. The trial court granted the Department's motion, dismissing Tyson Foods' petition for common law writ of certiorari for failure to exhaust administrative remedies. The trial court in *Tyson Foods* also dismissed Tyson Food's request to hold the statute unconstitutional. It held that the workers' compensation statutory scheme did not violate Tyson Foods' procedural due process rights. *Id.* Tyson Foods appealed this decision.

On appeal, this Court affirmed the trial court's decision in all respects. The *Tyson Foods* Court determined that Tyson Foods' petition for common law writ of certiorari was premature, because Tyson Foods was required to exhaust its administrative remedies before filing a petition for writ of certiorari. In addition, the *Tyson Foods* Court held that the statutory procedures were constitutional, because the statutory framework afforded the employer an adequate remedy at law under Section 50-6-238(c), which provides for a *de novo* judicial hearing of the administrative decision,[6] and for a full refund to the employer in the event that it is determined that the workers' compensation specialist wrongfully ordered the payment of benefits under Section 50-6-238(b).[7] The *Tyson Foods* Court outlined in detail the protocol set out in Section 50-6-238:

---

[6]That provision states:

> (c) Evidence of the denial of initiation, continuation or reinstitution of compensation ordered pursuant to this section by a workers' compensation specialist is inadmissible in a subsequent proceeding. In a case where an employer or insurer has paid benefits pursuant to an order of a workers' compensation specialist, and the employer or insurer wishes to contest the compensability of the injury, then the court shall hear the issue de novo, and no presumption of correctness is given to any prior determination.

Tenn. Code Ann. § 50-6-238(c).

[7]That provision states:

> (b) If a specialist has ordered the payment of benefits pursuant to this section and a court subsequently finds that the employee was not entitled to the ordered benefits, then the entity or person who paid the benefits shall be entitled to a refund of all amounts paid pursuant to a specialist's order or orders. The refund shall be paid from the second injury fund established by § 50-6-208.

Tenn. Code Ann. § 50-6-238(b).

The Request for Assistance protocol, which is the focus of this appeal, was adopted in 2004 as part of the Workers' Compensation Reform Act and is set forth at Tennessee Code Annotated § 50-6-238. Under the statute, any party "may request the assistance of a workers' compensation specialist in the determination of whether temporary disability or medical benefits are appropriate by filing with the division a form prescribed for that purpose by the commissioner." Tenn. Code Ann. § 50-6-238(a)(1)(A). Once a request has been made by either party, a workers' compensation specialist is assigned to the case. The specialist then obtains relevant medical records, written statements, and other information from the employee and employer, after which the specialist independently determines whether benefits are appropriate based upon the information provided. Tenn. Code Ann. § 50-6-238(a)(5)–(6). If, in light of the available information, the specialist determines it is appropriate to order the payment of temporary disability benefits or that medical benefits be provided, the specialist may order the initiation, continuation, or reinstitution of the benefits by an employer or workers' compensation insurer. Tenn. Code Ann. § 50-6-238(a)(2)-(3). If the employer or insurer is dissatisfied with the specialist's decision, it may seek administrative review by requesting an informal conference before the administrator or administrator's designee. Tenn. Code Ann. § 50-6-238(d)(1)(B)(I).

*Id.* at \*2 (footnotes omitted). The appellate court went on to explain that, if the employer is not satisfied with the administrative decision that is made after the informal review, the employer may contest the decision in the *de novo* judicial hearing. The Court acknowledged that judicial review is not available to the employer until after the employee reaches maximum medical recovery and there has been an exhaustion of the Benefit Review Conference Process. *See* Tenn. Comp. R. & Regs. 0800-2-5-.09, *cited in* ***Tyson Foods***, 2011 WL 4790980, at \*3 (setting out ways in which the benefit review conference process is exhausted).

In the instant case, Randstad challenges the constitutionality of Section 50-6-238, making essentially the same argument that was addressed in ***Tyson Foods***. The crux of its position is that, on its face, the statute deprives employers of prompt and meaningful judicial review of decisions issued by the workers' compensation specialists. Randstad argues that, by delaying judicial review and recovery until after the benefit review conference process has been completed, the statutory scheme at issue tolerates an unacceptably high risk of erroneous deprivation to the employer; in other words, justice delayed is justice denied. Randstad insists that these procedural deficiencies are not resolved by a belated benefits refund, made possible only after the benefit review conference process has been exhausted.

It argues further that there are no procedures in place to compel the Second Injury Fund to refund to the employer the benefits paid to the employee under the statute.

We acknowledge that Randstad makes cogent arguments. These arguments, however, were addressed and rejected in *Tyson Foods*.[8] In support of its conclusion, the *Tyson Foods* Court relied on *McCall v. National Health Corporation*, 100 S.W.3d 209 (Tenn. 2003), in which Tennessee's Supreme Court rejected a similar argument made under the previous workers' compensation scheme. In *McCall*, the employer argued that allowing the initiation of temporary benefits before a full trial violated the employer's due process rights because it had no recourse to obtain reimbursement for benefits wrongfully paid. *McCall*, 100 S.W.3d at 213. The Supreme Court rejected this argument, stating that "any due process argument fails because an employer does, in fact, have recourse should the court later determine that the claimant did not suffer a compensable injury." *Id.*

While the issue is close, we are persuaded by the reasoning in *Tyson Foods*. For the reasons stated in that case, as supported in *McCall*, we find that the post-deprivation remedy of a *de novo* judicial hearing and the prospect of a full refund from the Second Injury Fund for benefits paid in compliance with an erroneous order by a workers' compensation specialist satisfies the employer's right to procedural due process. On this basis, we must respectfully reverse the decision of the trial court and dismiss Randstad's request for declaratory relief seeking a declaratory judgment that Section 50-6-238 is unconstitutional based on procedural due process grounds.

## CONCLUSION

The decision of the trial court is reversed and the declaratory judgment action is dismissed. Costs on appeal are to be taxed to Appellee Randstad North America, L.P., for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[8]The appellate court noted that the inability of employers to obtain judicial review of the Specialist's decision before the exhaustion of the Benefit Review Process has become an "emerging issue" in the law. *See Tyson Foods*, 2011 WL 4790980, at \*2 & n.3.