IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 6, 2011 Session

ALSTOM POWER, INC., v. SUE ANN HEAD, ADMINISTRATOR,
TENNESSEE DEPARTMENT OF LABOR & WORKFORCE
DEVELOPMENT, WORKERS' COMPENSATION DIVISION, et al.

Appeal from the Circuit Court for Hamilton County
No. 10C719    Hon. Jacqueline S. Bolton, Judge

No. E2011-01122-COA-R3-CV-FILED-FEBRUARY 21, 2012

Plaintiff employer confronted with a worker's compensation claim by its employee filed an action for declaratory judgment, injunction relief, and a petition for certiorari against the Tennessee Department of Labor and Workforce Development and the employee.  Plaintiff's principal contention was that the Department of Labor prepared an order for medical benefits directing the employer to provide the employee with additional panels of physicians from which he could choose for treatment, and concluded by averring that it was threatened with a $10,000 penalty if it did not comply.  The Trial Court initially issued a restraining order, but the Trial Court ultimately concluded that it did not have jurisdiction over the issues because suit had been filed before the administrative review process was exhausted. Plaintiff appealed and we affirm the Judgment of the Trial Court, and remand.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  D. MICHAEL SWINEY, J.,  and JOHN W. MCCLARTY, J., joined.

Jeffrey L. Cleary and Michael A. Kent, Chattanooga,  Tennessee, for the appellant, Alstom Power, Inc.

John Mark Griffin, Chattanooga, Tennessee, for the appellee, Patrick Dickson.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young, Solicitor General, and Joshua Davis Baker, Assistant Attorney General, Nashville, Tennessee, for the appellee, The Tennessee Department of Labor and Workforce Development.

# OPINION

## Background

Plaintiff, Alstom Power, Inc., filed a Complaint for Workers' Compensation Benefits, Declaratory Relief, Injunctive Relief and Petition for Certiorari, against Sue Ann Head, Administrator, Tennessee Department of Labor & Workforce Development, Workers' Compensation Division, and Patrick Dickson. Alstom alleged that Dickson was an employee of Alstom, and that he claimed a work-related injury occurred on October 26, 2009, during the course of his employment. Alstom alleged that it provided Dickson with an appropriate list of physicians from which he could choose his treating physician in accordance with Tenn. Code Ann. §50-6-204(a)(4)(A). Alstom stated that Dickson chose WorkForce as his treating physician and began receiving treatment, and WorkForce referred Dickson to Dr. Michael Gallagher, a neurosurgeon who treated him in the past for a similar work-related injury. Alstom stated that a dispute then arose regarding the referral to Dr. Gallagher and referrals made by WorkForce to other specialists.

Alstom averred that on March 8, 2010, Dickson filed a Request for Assistance with the Department of Labor seeking assistance relating to referrals to physicians other than WorkForce, and that on March 11, 2010, Alstom filed a Request for Assistance relating to Dickson's care with WorkForce and the referral to Gallagher. Alstom stated that on April 21, 2010, Audrey Headrick, a workers' compensation specialist with the Department of Labor, prepared an Order for Medical Benefits directing Alstom to provide Dickson with additional panels of physicians from which he could choose treatment. Alstom stated that this Order also directed Alstom to provide the physician selected by Dickson with a copy of any and all medical records. Alstom stated that the Order further provided that the physician picked by Dickson would become his treating physician if the selected physician determined that Dickson's back condition was related to the October 26, 2009 injury. Alstom averred that it was threatened with a $10,000 penalty if it did not comply.

Alstom sought a review of this Order, and was notified by the Department of Labor that employee J. Allen Brown would conduct the review, and an informal conference was held on May 19, 2010, by telephone, and the parties stated their positions. Alstom related that it received an Order Affirming Specialist's Order on May 25, 2010, and that the Department of Labor then took the position there would be no further review of the order. Alstom charged that the review process was illusory, and was predicated on a flawed, constitutionally defective process, and it requested a TRO to prevent enforcement of the order or penalty. It sought review of the Request for Assistance process, sought a declaratory judgment as to whether Alstom had to comply with the order, and sought a writ of certiorari

-2-

to review the actions of the Department of Labor.

The Court issued a Restraining Order, restraining the Department of Labor from taking any action to enforce the order. The Court also issued a Writ of Certiorari, and the Department was ordered to send its records to the Court. The Attorney General, on behalf of the Department, filed a Response to Court's Order to Show Cause, and stated that 1) Alstom could not seek judicial review and also advance an original cause of action, 2) workers' compensation was not reviewable by writ of certiorari, 3) Alstom had not yet exhausted the administrative process, and 4) enjoining enforcement of the order would injure the Department and the employee.

Dickson filed a Response, and stated that the matter should be dismissed for lack of subject matter and personal jurisdiction, for insufficiency of process, and for failure to state a claim.

The Court held a hearing on June 14, 2010, to determine if the TRO should be converted to a temporary injunction, and issued a Memorandum Opinion finding that it should. The Court held that it was "persuaded that certain irregularities and serious flaws exist" in the Order for Medical Benefits entered by the specialist and "rubber-stamped" by the administrator's designee. The Court directed the parties to exhaust their rights under the Benefit Review Conference process, and said that it would retain jurisdiction while the parties completed that process.

The Attorney General then filed a Motion to Alter or Amend Order Granting Temporary Injunction, stating the Court provided injunctive relief without reviewing the record, and that it was error for the Court to direct the parties to exhaust their rights under the Benefit Review Conference process while the Court retained jurisdiction. The Attorney General also filed the Department of Labor's administrative record with the Court. The Court then denied the Motion to Alter or Amend and instructed the parties to proceed with the Benefit Review Conference process. Further motions were filed by the parties and the Trial Court ultimately issued a Memorandum Opinion and Order finding the Court did not have subject matter jurisdiction because suit was filed before the administrative review process was exhausted. Alstom filed a Motion to Alter or Amend, seeking to set aside the dismissal, but the Court denied the Motion and Alstom filed a Notice of Appeal.

The issues on appeal are:

1.      Did the Trial Court err in dismissing the Writ of Certiorari as a result of finding that failure to exhaust the Benefit Review Conference process prior to filing the Complaint deprived the Court of subject matter jurisdiction over all claims?

2.      Whether Alstom's appeal should be dismissed as moot because there is no relief available to it through this claim?

## The Appeal

The Department of Labor asserts that Alstom's appeal is moot because it can no longer receive any relief through certiorari review. Its argument is that, because the BRC process has now been exhausted with the order at issue having never been enforced, the Department no longer has jurisdiction to enforce the order, and Alstom cannot be injured thereby.

While the argument has some appeal, the fatal flaw with this position is that the Department of Labor has cited no authority for the proposition that the order in question is no longer enforceable. If the order can still be enforced, then the rest of the argument fails and the question of whether the writ was properly dismissed must be addressed.

Alstom's only issue on appeal is whether the Trial Court erred in dismissing the writ of certiorari for lack of subject matter jurisdiction, because the BRC process had not been exhausted. Appellees argue the Trial Court's dismissal of the writ was proper, because the workers' compensation statutory scheme as well as the cases interpreting it make clear that judicial review is not available until the BRC process is exhausted.

Next, Alstom argues that the Trial Court relied upon Tenn. Code Ann. §50-6-203(a)(1), which merely states that a claim for "compensation" cannot be filed with the Court until the BRC process is exhausted. Alstom argues that this was much more than simply a dispute regarding compensation, but rather that the order in question had the potential to change the entire course of Dickson's treatment. Further, that this dispute involves the specialist's directive that Alstom provide other panels of physicians to Dickson, that Alstom provide medical records to the physician selected, and that the physician selected could then become Dickson's treating physician, coupled with the fact that there was no real method of administrative review of the specialist's order. Alstom concludes that the Code section would not be controlling in this situation.

Other statutory sections instruct, however, that all issues relating to a workers' compensation claim dispute must go through the BRC process before an action can be filed in court. For example, Tenn. Code Ann. §50-6-225(a)(1) states "in a case of a dispute over failure to agree upon compensation under this chapter, between the employer and employee or the dependent or dependents of the employee, the parties shall first submit the dispute to the benefits review process provided by the division of workers' compensation." Tenn. Code Ann. §50-6-225(a)(2)(A) goes on to state that if the parties cannot reach an agreement as to all issues during the BRC process, or the BRC process is exhausted, then they can file a civil

action in court. Further, Tenn. Code Ann. §50-6-239(b) states that the parties shall attend and participate in a BRC that addresses all issues related to a final resolution of the matter as a condition precedent to filing a complaint. Tenn. Code Ann. §50-6-239(a) states that the issues which the BRC process deal with are not just claims for compensation, but are also medical benefits or any issue related to the final resolution of the matter. The foregoing statutory authority establishes that Alstom's complaints regarding the specialist's order would need to first be addressed via the BRC process.

Our review of relevant case law leads to the same result. *See, Holland Group v.Sotherland*, 2009 WL 1099275 (Tenn. Workers Comp. Panel Apr. 24, 2009); *Lynch v. City of Jellico*, 205 S.W.3d 384 (Tenn. 2006); *Tyson Foods v. Tenn. Dept. of Labor & Workforce Dev.*, 2011 WL 4790980 (Tenn. Ct. App. Oct. 10, 2011) which in comprehensive detail discusses the relevant issues.[1]

Alstom has a right to a judicial hearing, once the BRC process has been exhausted, and can be compensated for benefits erroneously paid by the Second Injury Fund. As was held in *Tyson* and *Randstad,* Alston's argument regarding a lack of meaningful review is without merit, and the Trial Court properly held that it lacked subject matter jurisdiction at the time the writ was issued because the BRC process had not been exhausted.

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to Alstom Power, Inc.

$$\text{_____}$$
HERSCHEL PICKENS FRANKS, P.J.

---

[1]In *Randstad North America, L.P. v. Tenn. Dept. of Labor and Workforce Devel.*, 2011 WL 5301796 (Tenn. Ct. App. Nov. 1, 2011), this Court reversed the Trial Court's holding that the statute was unconstitutional, relying on *Tyson.*