IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 26, 2012 Session

## C.H. GUENTHER & SON, INC. v. SUE ANN HEAD ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 101779III      Ellen H. Lyle, Chancellor**

_____

**No. M2012-00417-COA-R3-CV - Filed December 10, 2012**

_____

An employee appeals the trial court's decision to void a final administrative order by the Department of Labor awarding the employee attorney fees with respect to the employee's actions to enforce a workers' compensation settlement. We have determined that the applicable request for assistance process does not constitute a contested case under the Uniform Administrative Procedures Act and that the trial court therefore lacked subject matter jurisdiction to hear this matter. We reverse the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., and RICHARD H. DINKINS, JJ., joined.

Garry Ferraris, Knoxville, Tennessee, for the appellant, Ernest Boling.

Kristin M. Cabage and Joshua A. Wolfe, Knoxville, Tennessee, for the appellee, C.H. Guenther & Son, Inc.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Ernest Boling sustained a work-related injury to his back in May 2002. Mr. Boling and his employer entered into a workers' compensation settlement that included future medical benefits, and the settlement was approved by the Tennessee Department of Labor ("DOL") in September 2003.

After losing his job, Mr. Boling filed an action in the Knox County chancery court in 2008 for reconsideration of his permanent partial disability benefits. The parties proceeded

with a benefit review conference ("BRC") and were able to reach a settlement, which was approved by the DOL on September 1, 2009. As part of this settlement, the parties agreed to the selection of a new authorized treating physician to replace Mr. Boling's former physician, Dr. Uzzle.

The employer, C.H. Guenther & Son, Inc. and Knoxville Milling Company, Inc., f/k/a White Lily Foods Company ("Employer"), provided Mr. Boling with a panel of five physicians from which he selected Dr. Johnson. After reviewing Mr. Boling's records, however, Dr. Johnson declined to treat him. Mr. Boling then selected another physician, Dr. Koenig, from a revised panel of physicians, but this second physician also declined to treat Mr. Boling after reviewing his records. On December 4, 2009 and April 19, 2010, Mr. Boling requested another panel of physicians. Meanwhile, Employer was unsuccessful in its attempts to find another physician who would agree to treat Mr. Boling. In May 2010, Mr. Boling suggested Dr. Burkhart.

On June 24, 2010, Mr. Boling filed a request for assistance ("RFA") with the DOL seeking an order for post-settlement medical care and attorney fees. On July 8, 2010, Employer provided a valid panel from which Mr. Boling selected a new treating physician, Dr. Burkhart. A DOL specialist issued an initial order on August 12, 2010 finding that he had jurisdiction to enter the initial order and that the two panels provided by Employer "were not valid as a result of the refusal of the selected physicians to provide medical treatment to Employee." The specialist declined Employer's request to allow testimony from another DOL specialist regarding Employer's efforts to provide a valid panel of physicians. The initial order also stated that counsel for Mr. Boling was entitled to reasonable attorney fees in the amount of $1,750 (for seven hours of work).

Employer filed for an administrative appeal of the initial order. An informal teleconference with the DOL's administrative designee was held on August 30, 2010. In a final order entered on September 7, 2010, the DOL affirmed the initial order and awarded Mr. Boling's counsel additional attorney fees in the amount of $1,950 for the administrative appeal.

On November 5, 2010, Employer and its insurance carrier filed this lawsuit against various DOL officials and Mr. Boling for judicial review pursuant to the Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-101, *et seq.*

*Decision of trial court*

After submission of the administrative record, briefing, and oral arguments, the trial court entered an extensive memorandum and order on January 17, 2012. The court discussed

the 2010 amendments codified at Tenn. Code Ann. § 50-6-204(g)(2), which established an informal RFA process for resolving post-judgment medical issues (as an alternative to going to court). In accordance with what it understood to be the agreed interpretation of the parties, the trial court construed Tenn. Code Ann. § 50-6-204(g)(2)(D)(ii), which incorporates Tenn. Code Ann. § 50-6-238(d), to provide that a party could appeal a final order of the DOL under the RFA process to the chancery court for UAPA judicial review.

The court then proceeded to find that the RFA conducted by the DOL was not a contested case and, therefore, could not be reviewed under the UAPA. Because of its conclusion that the statutorily prescribed process was an impossibility, the trial court declared Tenn. Code Ann. § 50-6-204(g)(2)(D)(ii) to be void. The court discussed the constitutional challenges made by Employer, but determined that it need not decide these issues since the case could be resolved without doing so. The court granted Employer's petition for review and declared DOL's final order assessing attorney fees against Employer to be void and unenforceable.

*Issues on appeal*

Mr. Boling has appealed the decision of the chancery court.[1] He argues that the trial court lacked subject matter jurisdiction to decide the case; that the trial court erred in finding Tenn. Code Ann. § 50-6-204(g)(2)(D)(ii) void; and that he is entitled to reasonable attorney fees and costs, as stated in the DOL order.

ANALYSIS

The first issue to be resolved is whether the trial court had jurisdiction to review the DOL's final order regarding Mr. Boling's RFA.

Employer's appeal of the DOL order was filed in the trial court under the UAPA pursuant to a newly enacted provision, Tenn. Code Ann. § 50-6-204(g)(2)(D)(ii). In 2010, the legislature enacted what is now Tenn. Code Ann. § 50-6-204(g)(2), which sets out a procedure whereby an employer or employee "may request the assistance of a workers' compensation specialist to determine whether such medical care and treatment, medical services or medical benefits [pursuant to a court judgment or a settlement approved by a court or the DOL], or both, are appropriate . . . ." Tenn. Code Ann. § 50-6-204(g)(2)(A). The specialist's authority includes the authority to award attorney fees and costs. Tenn. Code Ann. § 50-6-204(g)(2)(B). Upon receiving a request for assistance, a specialist "shall review

---

[1] The DOL did not appeal the decision of the chancery court and has not participated in this appeal. This court would have welcomed the perspective of the department charged with administering these statutes.

-3-

the available information" and then enter an order. Tenn. Code Ann. § 50-6-204(g)(2)(C). The key provisions at issue here, which appear at Tenn. Code Ann. 50-6-204(g)(2)(D), state as follows:

> If either the employee or the employer disagrees with the order entered by the specialist pursuant to subdivision (g)(2)(C)(ii), the following shall apply:
>
> (i) If the request for assistance involved a request for medical care or treatment pursuant to a court judgment or decree following a trial of the underlying workers' compensation claim, then either the employer or the employee may appeal the specialist's order to the original court that issued the judgment or decree. The parties shall attach a copy of the specialist's order to any request for review that is filed in the original court; however, any review by the original court shall be de novo; and
>
> (ii) If the request for assistance involved a request for medical care and treatment pursuant to a settlement approved by a court of competent jurisdiction or by the commissioner or the commissioner's designee pursuant to § 50-6-206, and either the employee or the employer disagrees with the order of the specialist, the aggrieved party may request administrative review pursuant to § 50-6-238(d) and all provisions of § 50-6-238(d) shall apply to the request. If administrative review is not requested, the order of the specialist shall be considered a final order for administrative purposes. If administrative review is requested, the order of the administrator or administrator's designee shall be considered a final order for administrative purposes, if not otherwise stated in the order.

Because the RFA in this case involved treatment pursuant to a settlement approved by the DOL, subsection (g)(2)(D)(ii) is the applicable provision.

How did the trial court get to UAPA review from these provisions? Tennessee Code Annotated § 50-6-204(g)(2)(D)(ii) expressly incorporates the provisions of Tenn. Code Ann. § 50-6-238(d). Tennessee Code Annotated section 50-6-238 addresses a party's right to file an RFA seeking assistance to determine whether an employee is entitled to pre-judgment temporary benefits. Tenn. Code Ann. § 50-6-238(a). Subsection (d) sets out the administrative review process for a party who disagrees with the specialist's order. *See* Tenn. Code Ann. § 50-6-238(d)(1)-(2). The key provisions for purposes of this appeal are found in subsection (d)(3):

> If an *insurer, self-insured employer or self-insured pool* fails to comply with

an order issued by a specialist within fifteen (15) calendar days of receipt of the order, or fails to comply with an order issued by the administrator or administrator's designee within ten (10) calendar days of the receipt of the order, whichever is applicable, the commissioner shall assess a *penalty* in the amount of ten thousand dollars ($10,000). . . . The *insurer, self-insured employer or self-insured pool* shall have the right to appeal the *penalty* assessed by the commissioner for failure to comply with an order issued by a specialist or by the administrator or administrator's designee pursuant to the Uniform Administrative Procedures Act, compiled in title 4, chapter 5.

Tenn. Code Ann. § 50-6-238(d)(3) (emphasis added). The trial court interpreted Tenn. Code Ann. §§ 50-6-204(g)(2)(D)(ii) and 50-6-238(d)(3) together to indicate that "the assessment of attorney's fees, itself, is handled like a penalty and is provided an appeal to this Court under the UAPA." We cannot agree with this construction.

When construing statutes, courts must give effect to the legislative intent, which is usually ascertained from the natural and ordinary meaning of the words used in the statute itself, without any forced or subtle construction that would limit or extend the language's meaning. *Jones v. Methodist Healthcare*, 83 S.W.3d 739, 741 (Tenn. Ct. App. 2001). In addition, "statutes that are part of a broad statutory scheme should be interpreted *in pari materia* . . . ." *Town of Middleton v. City of Bolivar*, No. W2011-01592-COA-R3-CV, 2012 WL 2865960, at *13 (Tenn. Ct. App. July 13, 2012); *see also In re Shelby L.B.*, No. M2010-00879-COA-R9-PT, 2011 WL 1225567, at *5 (Tenn. Ct. App. Mar. 31, 2011). The language of Tenn. Code Ann. § 50-6-238(d)(3) expressly applies with respect to penalties assessed against insurers or self-insured employers. We find no indication that the legislature intended these provisions to extend to a specialist's order regarding attorney fees where no penalty is assessed. The workers' compensation provisions regarding penalties do not reference attorney fees as penalties. *See* Tenn. Code Ann. § 50-6-118; Tenn. Comp. R. & Regs. § 0800-02-13.

Moreover, the UAPA "is inapplicable to proceedings that do not fit within its adjudicatory definitions." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Pursuant to Tenn. Code Ann. § 4-5-322(a)(1), "[a] person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." A contested case is defined as "a proceeding, including a declaratory proceeding, in which the legal rights, duties or privileges of a party are required by any statute or constitutional provision to be determined by an agency *after an opportunity for a hearing*." Tenn. Code Ann. § 4-5-102(3) (emphasis added). For the UAPA provisions regarding judicial review to apply, there must be some statutory or constitutional requirement that the agency make a decision using a contested case hearing procedure. *Lawrence v. Rawlins*, No. M1997-00223-

COA-R3-CV, 2001 WL 76266, at *7 (Tenn. Ct. App. Jan. 30, 2001); *Dishmon*, 15 S.W.3d at 481; *Mid-South Indoor Horse Racing, Inc. v. Tenn. State Racing Comm'n*, 798 S.W.2d 531, 538 (Tenn. Ct. App. 1990).

We find no support for Employer's argument that the interplay between Tenn. Code Ann. § 50-6-204(g)(2) and Tenn. Code Ann.§ 50-6-238(d) creates a requirement for a contested case hearing. As discussed above, the UAPA appeal provision of Tenn. Code Ann. § 50-6-238(d)(3) applies only with respect to penalties assessed by the DOL against an employer. The administrative procedures described in Tenn. Code Ann. § 50-6-204(g)(2) and Tenn. Code Ann.§ 50-6-238 do not provide for a contested case hearing. The specialist is to "review the available information" and then issue an order. Tenn. Code Ann. § 50-6-204(g)(2). Moreover, a DOL specialist acts in the role of a mediator and cannot take testimony. Tenn. Code Ann. § 50-6-236(f), (g), (j); *McCall v. Nat'l Health Corp.*, 100 S.W.3d 209, 212 (Tenn. 2003). The DOL statutes do not give the parties the right to present or cross-examine witnesses. The administrative appeal from the specialist's decision is done by an "informal conference." Tenn. Code Ann. § 50-6-238(d)(2). Under the UAPA, contested cases must be decided after a quasi-judicial type of hearing. Tenn. Code Ann. § 4-5-312; *Mid-South Indoor*, 798 S.W.2d at 539. The informal dispute resolution procedures established by the DOL for its specialists do not provide for a contested case hearing as required by the UAPA.

Employer goes on to argue that the parties have constitutionally protected interests and that the statutory process fails to afford them procedural due process. Even if we assume (without deciding) that there are constitutionally protected interests involved here, this court has previously rejected similar constitutional arguments with respect to the statutory provisions regarding pre-judgment RFAs.

In *Tyson Foods v. Tennessee Department of Labor & Workforce Development*, No. M2010-02277-COA-R3-CV, 2011 WL 4790980 (Tenn. Ct. App. Oct. 10, 2011), the employer argued that "its due process rights were violated because there is not an adequate process for review of the Request for Assistance order." *Id.* at *1. The statutory procedures regarding pre-judgment RFA's allowed for a de novo judicial hearing of the DOL's administrative decision and, in the event of an erroneous payment of benefits, a full refund to the employer through the second injury fund. *Id.* at *3 (citing Tenn. Code Ann. § 50-6-238(b)). Although the de novo hearing could not occur until the employee reached maximum medical recovery and exhausted the administrative review process, the court found no due process violation. *Id.* at *4. The court cited *McCall v. National Health Corp.*, 100 S.W.3d at 209, a case in which our Supreme Court rejected a similar argument with respect to a previous workers' compensation statutory scheme. *Id.* at 213. ("[A]ny due process argument fails because an employer does, in fact, have recourse should the court [after the workers' compensation trial]

later determine that the claimant did not suffer a compensable injury."). Furthermore, in *Randstad North America, L.P. v. Tennessee Department of Labor & Workplace Development*, 372 S.W.3d 98, 104 (Tenn. Ct. App. 2011), we again rejected a constitutional challenge to the pre-judgment RFA procedure.

We agree with Mr. Boling that, in the event that the post-settlement/post-judgment administrative process fails to produce a resolution acceptable to both parties, the workers' compensation statutes give an aggrieved party the right to initiate an action in the court with workers' compensation jurisdiction to enforce the settlement.[2] Under Tenn. Code Ann. § 50-6-204(b)(2), a provision enacted prior to subsection (g)(2), a court could award attorney fees related to the enforcement of an employee's right to post-judgment or post-settlement medical care. Tennessee Code Annotated § 50-6-204(g)(2)(B) extended to DOL workers' compensation specialists the authority to award attorney fees. The new provisions make the RFA process permissive: an employer or employee "*may request* the assistance of a workers' compensation specialist" to determine whether certain medical care is required by a settlement or judgment. Tenn. Code Ann. § 50-6-204(g)(2)(B).

In cases decided under other provisions of the workers' compensation statutes, our Supreme Court has determined that an administrative review program did not eliminate the option of judicial review. *See Kilgore v. NHC Healthcare*, 134 S.W.3d 153, 158 (Tenn. 2004) ("[H]ad the legislature intended for recourse to the Commissioner's utilization review program to be the *only* means of appeal, thereby divesting the trial court of jurisdiction to enforce its own judgment, it would have stated so in plain and ordinary language."); *McCall*, 100 S.W.3d at 213 ("[W]e conclude that the legislature did not intend by enacting sections 50-6-236 and -238 [giving workers' compensation specialists authority to commence temporary benefits] to divest the trial courts of the authority to commence pre-trial temporary workers' compensation benefits."). The same reasoning applies here. Because the workers' compensation statutes do not expressly indicate otherwise, the workers' compensation specialist process does not do away with a party's right to seek judicial relief. If a party chooses to utilize the permissive administrative specialist process, that decision does not preclude further judicial review.[3]

---

[2]In this case, the parties reached a settlement after Mr. Boling filed suit in Knox County chancery court. While it is not clear from the record whether the parties' settlement was approved by the trial court or only by the DOL, the settlement would, in either case, be subject to enforcement by the trial court. *See* Tenn. Code Ann. § 50-6-206.

[3]We recognize that, with respect to certain workers' compensation settlement agreements approved by the DOL, Tenn. Code Ann. § 50-6-206(c)(2) provides for appeal through the UAPA. Our case does not, however, involve appeal of a settlement agreement; rather, this case involves post-settlement enforcement.
(continued...)

As to the other rationale applied in *Tyson*, the availability of a refund in the event the specialist erroneously awarded attorney fees, we likewise consider the present case analogous. Employer argues that this case is distinguishable because the second injury fund might not be available to reimburse Employer for erroneously paid attorney fees. Even if that were the case, however, that distinction is not dispositive. In *McCall*, the Court rejected the employer's assertion that "since it would have no recourse to obtain any monies wrongfully paid, allowing the trial court to initiate temporary benefits deprives [the employer] of its property without a trial on the merits of the claim," thereby violating the employer's due process rights. *McCall*, 100 S.W.3d at 213. The Supreme Court determined that the trial court "can order the employee to reimburse any funds that were improperly paid to the employee." *Id.* Under this analysis, Employer's due process argument in this case must fail because a court can order Mr. Boling to reimburse attorney fees determined to have been paid in error.

CONCLUSION

Because we have determined that the trial court lacked subject matter jurisdiction to hear this matter as a UAPA appeal, we reverse the trial court's decision and reinstate the final DOL administrative order. Costs of appeal are assessed against the appellee, and execution may issue if necessary.



ANDY D. BENNETT, JUDGE

---

[3](...continued)
Tennessee Code Annotated § 50-6-204(g)(2) specifically addresses post-settlement enforcement through the RFA process. Subsection (g)(2)(D)(i) provides for de novo review by the original court for post-judgment RFAs following a trial of the underlying workers' compensation claim. While the statutory language is by no means a model of clarity, we find nothing in subsection (g)(2)(D)(ii) to preclude a party from seeking judicial review of a specialist's decision in other post-settlement cases. Tenn. Code Ann. § 50-6-206(c)(2) provides that "a settlement approved by the commissioner pursuant to this subsection (c) shall be entitled to the same standing as a judgment of a court of record for purposes of § 50-6-230 and all other purposes."