FILED

December 26, 2014

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 11:42 AM



## COURT OF WORKERS' COMPENSATION CLAIMS
### DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: Gail Burnette

EMPLOYER: K-Mart

INSURANCE CARRIER: Ace American Ins. Co.

DOCKET #: 2014-02-0020
STATE FILE #: 75706-2014
DATE OF INJURY: 08/20/2014

## EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Gail Burnette (Employee). Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court hereby finds as follows:

On December 8, 2014, a Request for Expedited Hearing was filed with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, by Employee pursuant to Tennessee Code Annotated section 50-6-239 to determine if the provision of medical benefits is appropriate.

### ANALYSIS

#### Issue

Whether Employee has presented sufficient evidence to prove she suffered a compensable injury.

#### Evidence Submitted

Employee did not file affidavits and other evidence in support of the Request for Expedited Hearing, except for one doctor's note. Rule 0800-02-21-.14 (1)(a) of the Tennessee Department of Labor and Workforce Development, requires an employee to submit affidavits and information supporting the claim with the Motion for Expedited Hearing. Employer did not file a response to the Request for Expedited Hearing. Rule 0800-02-21-.14(1)(b), requires an Employer to respond to the Motion for Expedited Hearing no later than five (5) days after the Motion is filed with all the information it has in its possession demonstrating an employee is not entitled to benefits.

The following exhibits were submitted for consideration:

1

## Technical Record

- Exhibit 1: Petition for Benefits Determination
- Exhibit 2: Dispute Certification Notice
- Exhibit 3: Request for Expedited Hearing

## Stipulated Exhibits

- Exhibit 4: University of Tennessee Medical Center (UT) medical records
- Exhibit 5: Cherokee Health Systems (CHS) medical records

## History of Claim

Employee worked for Employer unloading trucks and performing pricing integrity. Employee normally unloaded trucks on Mondays and Thursdays of each week. During the first week of August 2014, Employee's back began hurting. After her back pain began, Employee self-limited lifting at work. Employee alleges an injury to her back sometime on August 21, 2014, while lifting heavy merchandise. Employee did not seek medical treatment on the alleged date of injury.

Employee presented to the emergency room at UT on August 24, 2014. She reported chronic back pain "but feeling this week its worse". The pain was shooting down both of her legs. Employee denied a recent injury. Employee told the providers at UT that she has suffered with similar symptoms before "but not this bad". Employee underwent a CT scan of her abdomen and pelvis which was normal. Employee was taken off work for two (2) days, advised to follow-up with her primary care physician (PCP), and instructed not to do any heavy lifting until she saw her PCP. Employee gave the doctor's note to her supervisor on August 26, 2014. The supervisor told Employee that she had to work on the truck. Employee told the supervisor that she could not work the truck. The supervisor told Employee if she could not do her job that she needed to go home. Employee chose to go home.

On September 2, 2014, Employee went to her PCP, which is CHS. There she saw FNP Matthew Beason. FNP Beeson placed employee off work that day, and noted she could return to work on September 3, 2014, on light weight restrictions. He later opined on December 9, 2014, that Employee suffered with a lumbar strain and cannot work until she sees a specialist.

Employee returned to UT on September 11, 2014, complaining of back and abdominal pain for three (3) weeks as well as trouble urinating. It was noted that Employee had previously been seen at UT on August 24, 2014, and diagnosed with kidney stones. Employee complained the pain was not getting any better. It was noted by the providers at UT that Employee was seen for a lumbrosacral strain and radicular pain.

Employer denied Employees claim on September 30, 2014. The parties could not reach an agreement concerning Employee's claim for benefits, so an Expedited Hearing was held on this matter on December 19, 2014. Employee and Chris Brown, Employer's attorney participated in the

hearing.

## Employee's Contentions

Employee contends she injured her back lifting heavy items at work. She acknowledges she has a history of back pain and kidney stones, but she asserts that the way in which her back hurts now is different. She relies on the note from FNP Beason as proof that she suffered a back strain at work and needs further evaluation.

## Employer's Contentions

Employer contends that Employee has failed to prove she suffered a work injury. Employer asserts that the medical records indicate Employee has had chronic back pain and kidney stones, which are unrelated to a work-injury. Employer contends that Employee is not entitled to a panel of physicians because she has failed to prove that she suffered a work injury.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6), Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13).

### *Factual Findings*

The evidence proves Employee reported a non-specific injury and sought medical treatment on her own at UT and CHS. Employee has kidney stones, chronic back pain, and a lumbar strain. No provider has linked Employee's complaints of pain to her work.

### *Application of Law to Facts*

The issue in this case is whether Employee has presented sufficient evidence to prove she suffered a compensable injury. An injury is defined by Tennessee Code Annotated Section 50-6-102(13) as follows:

> "Injury" or "personal injury" mean an injury by accident, a mental injury, occupational disease including diseases of the heart, lung and hypertension, or cumulative trauma conditions including hearing loss, carpal tunnel syndrome or any other repetitive motion conditions, arising primarily out of and in the course and scope of employment, that causes death,

3

disablement or the need for medical treatment of the employee; provided, that:

> (A)   An injury is "accidental only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence, and shall not include the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment;
>
> (B)   An Injury "arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes;
>
> (C)   An injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing death, disablement or need for medical treatment, considering all causes.

Employee was very vague in describing her injury. She testified she was injured while lifting heavy items at work. She did not describe with any specificity what she was lifting, what time it happened other than the day, or if other workers observed her injury. The statute requires an Employee to specify the incident or series of incidents that caused her injury, but Employee has failed to do that.

Although Employer did not provide medical treatment when Employee reported her alleged injury, Employee has sought medical treatment on her own. The medical records stipulated to by the parties do not have any notation that Employee was injured at work. Rather, the medical records from UT indicate Employee has chronic back pain and kidney stones. The medical records from UT and CHS indicate Employee has a lumbar stain, and that according to FNP Beason, Employee should not work until she sees a specialist. These records lack any notation of whether Employee's injury was work related or not. As such, Employee has failed to prove she suffered an injury at work.

An employer is required to provide all medical treatment made reasonably necessary by accident. Tenn. Code Ann. § 50-6-204(a)(1)(A). This would begin by an employer providing an employee a panel of physicians. However, in this case, the evidence does not establish that Employee requires medical treatment for an injury by accident at work. Therefore, Employer is not obligated to provide a panel of physicians at this time.

Based upon all the evidence submitted, Employee has failed to prove she suffered a compensable injury, and therefore her request for medical benefits is denied at this time.

4

**IT IS, THEREFORE, ORDERED** as follows:

1. The claim of Employee against Employer or its workers' compensation carrier for the requested medical benefits is denied on the grounds of compensability.

2. This matter is set for Initial Hearing on February 10, 2015, at 1:00 p.m. eastern time.

   **ENTERED this the 26th day of December 2014.**

   _____
   **BRIAN K. ADDINGTON**
   **Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Brian K. Addington, Court of Workers Compensation. You must call 865-594-6538 or toll free at 855-543-5044 to participate in the Initial Hearing.

Please Note:  <u>You must call in on February 1, 2015, at 1:00 p.m. eastern time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the    th day of December, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Gail Burnett | x | x | | | | |
| C. Brown, Esq. | | | | | x | Chris.brown@leitnerfirm.com |

**BRIAN K. ADDINGTON**
**Workers' Compensation Judge**

6