FILED
February 27, 2015
IN COURT OF
WORKERS' COMPENSATION
CLAIMS
Time 11:33 AM

**COURT OF WORKERS' COMPENSATION CLAIMS**
**DIVISION OF WORKERS' COMPENSATION**

EMPLOYEE: PATRICIA MCCORD        DOCKET NO. 2014-06-0063

STATE FILE NO. 79894-2014

EMPLOYER: ADVANTAGE HUMAN    DATE OF INJURY: OCTOBER 3, 2014
RESOURCING

INSURANCE CARRIER: NEW HAMPSHIRE, INS. CO.

## EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed on January 26, 2015, by Patricia McCord, the employee, pursuant to Tennessee Code Annotated section 50-6-239(d). Ms. McCord requested an evidentiary hearing pursuant to Rule 0800-02-21-.14(1)(b) of the Tennessee Comprehensive Rules and Regulations. The undersigned convened a hearing of this matter in person on February 9, 2015. Attorney Kim Thompson represented Ms. McCord and attorney Adrienne Fazio represented the employer, Advantage Human Resourcing (Advantage). Upon review of Ms. McCord's request, the evidence submitted, the testimony of the witnesses, the arguments of counsel, and in consideration of the applicable law, the Court enters the following order for medical benefits.

### Issue

Whether Advantage should be required to provide Ms. McCord a panel of physicians for treatment of her work-related injury.

### Evidence Submitted

The Court admitted the following exhibits into evidence upon the parties' stipulation of their admissibility:

A. Medical records of Southern Hills
B. Medical records of Southern Hills

C. Affidavit of Roosevelt Burrell[1]
D. Affidavit of Cindy Doty

**History of Claim**

Ms. McCord is a fifty-four-year-old resident of Davidson County, Tennessee. She did not complete high school but has earned her GED.

Advantage, an employee staffing agency, secured work for Ms. McCord as a packer at Cerqa, a client of Advantage. When Ms. McCord first began working for Advantage, she watched a safety video that provided instructions on reporting workplace injuries. Ms. McCord had filed a workers' compensation claim while working for another employer before she began working for Advantage. She had also suffered a back injury approximately six years ago but denied any lingering pain or effects.

On October 3, 2014, Ms. McCord allegedly suffered an injury to her back and shoulder while lifting boxes in the course and scope of her work for Cerqa. Each box weighed at least twenty-four pounds (24 lbs.) and Ms. McCord testified that she lifted the boxes on an almost continuous basis throughout the workday. Near the end of her shift, Ms. McCord testified that she felt something pop in her back while lifting a box and experienced sudden pain on the left side of her back, just below the beltline. Ms. McCord finished her shift and went home.

After she arrived home, Ms. McCord's back pain increased. She attempted to get up from her bed several times to use the restroom but was unable to do so. Ms. McCord contacted her sister, who called 911. An ambulance transported Ms. McCord to Southern Hills Medical Center (Southern Hills) where she arrived just after midnight on the morning of October 4, 2014. Ms. McCord testified that she did not tell the paramedics that she injured her back at work but does not recall them asking this question.

The intake notes from Southern Hills state that Ms. McCord reported an "acute onset of back pain after getting up from a seated position." (Exh. A, p. 1). Providers at Southern Hills performed a CT scan that revealed a disc bulge at the L4-5 level of Ms. McCord's spine. (Exh. A, p. 5). The records list "N" in response to the question "Is This a Work Related Injury." (Exh. A, p. 8). Southern Hills diagnosed Ms. McCord with a herniated disc and discharged her at 2:28 a.m. on October 4. (Exh. A, p. 13). Providers at Southern Hills prescribed Flexeril, Lortab and a Medrol Pack, and instructed Ms. McCord to follow-up with the Orthopedic Clinic at Nashville Metro General Hospital. *Id.*

After her release, Ms. McCord's son drove her home. At home, Ms. McCord contacted her supervisor at Cerqa, Roosevelt Burrell. In that conversation, Ms. McCord told Mr. Burrell that she could not work that day but did not tell him she had suffered a work-related injury. (Exh. C).

---

[1] At the hearing, the Court refused to accept Mr. Burrell's and Ms. Doty's affidavits into evidence. Upon reflection, the ruling was in error. Rule 0800-02-21-.14 requires that parties submit affidavits when filing or responding to a motion for temporary benefits. Advantage submitted the affidavits in accordance with this rule. Accordingly, the Court reconsidered its ruling and accepts the affidavits into evidence.

The following day, Ms. McCord began experiencing pain in her right shoulder so she returned to Southern Hills. The intake records from October 5, 2014, indicate that Ms. McCord complained of "right shoulder pain" that began approximately three weeks earlier. (Exh. B, p. 1). Ms. McCord told the medical providers that she performed heavy lifting at work but did not indicate that a workplace accident caused the pain. (Exh. B, p. 1). The records list "N" in response to the question "Is This a Work Related Injury." (Exh. B, p. 5). An x-ray of Ms. McCord's shoulder revealed no abnormalities. (Exh. B, p. 3). The medical providers diagnosed Ms. McCord with a shoulder strain and discharged her. (Exh. B, p. 4).

Ms. McCord returned to work a Cerqa on October 7, 2014. During the shift, Ms. McCord tried to give Mr. Burrell some medical paperwork. (Exh. C). Mr. Burrell told her to give the paperwork to Advantage. (Exh. C). Eventually, Ms. McCord finished her shift and left Cerqa.

That same day, Advantage terminated its agreement to provide workers for Cerqa. (Exh. D). Cathy Doty, a recruiter for Advantage, called Ms. McCord on the afternoon of October 7, to tell her that her assignment at Cerqa had ended. (Exh. D). At some point during the conversation, Ms. McCord told Ms. Doty that she hurt her back at work. Ms. Doty told Ms. McCord that she needed to come into the office and fill out an accident report. (Exh. D). Ms. McCord went to the office and completed the report at approximately 4:45 p.m.

**Employee's Contentions**

Ms. McCord argues that she is entitled to medical treatment. She maintains that she suffered an injury that arose primarily out of and in the course and scope of her employment and timely reported the injury to Advantage. She denies fabricating the injury. She requests that the Court order Advantage to provide a panel of doctors for treatment.

**Employer's Contentions**

Advantage argues that the circumstances surrounding Ms. McCord's alleged injury and the medical records show that she suffered an injury at home rather than during her shift at work. Advantage claims that Ms. McCord's failure to notify Advantage the suffered an injury before learning that she would no longer be working at Cerqa, and her failure to inform medical providers at Southern Hills that work caused her injury support its position. Advantage asks that the Court deny Ms. McCord's request for medical benefits.

**Findings of Fact and Conclusions of Law**

*Standard Applied*

In order to receive temporary workers' compensation in a pretrial setting, an employee must show that she is likely to prevail at a trial on the merits of her claim. *See McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6), the injured employee has the

3

burden of proving each and every element of the claim by a preponderance of the evidence. The employee must show that the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13)(2014).

*Factual Findings*

The Court finds that Ms. McCord suffered a work-related injury on October 3, 2014. The Court additionally finds that Ms. McCord timely reported the injury to Advantage on October 7, 2014. The Court also finds that Ms. McCord attempted to report the injury before she learned that her assignment at Cerqa had ended. The Court further finds that Ms. McCord is a credible witness.

*Application of Law to Facts*

Advantage maintains that Ms. McCord did not suffer a compensable work-related injury. Under Tennessee Workers' Compensation law, an "injury" or "personal injury" by accident is compensable whenever "the injury is caused by a specific incident, or set of incident, arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13) (2014). "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" *Id.* (internal quotations omitted).

Ms. McCord testified that she felt something pop in her back while lifting a box during her shift at Cerqa. She experienced sudden pain on the left side of her back. Ms. McCord denied that her back hurt prior to the accident and did not identify any other possible cause of the "pop" in her back. Ms. McCord testified that she sought emergency medical care at Southern Hills when her back pain intensified after she had left work for the day. An x-ray taken at Southern Hills revealed a herniated disc.

Advantage has neither denied that Ms. McCord's job duties as a packer included lifting boxes nor has it denied that Ms. McCord lifted boxes on October 3, 2014. Instead, Advantage's defense turns upon the timing in which Ms. McCord reported the injury. Advantage maintains that the timing of the report, and the fact that she did not inform Southern Hills that she suffered her injury at work, renders her claim suspect.

With respect Ms. McCord's failure to report her injury as work-related to the providers at Southern Hills, the Court finds Ms. McCord's testimony credible. Ms. McCord admitted that she did not tell Southern Hills that she hurt her back or shoulder at work. She stated, however, that she did not recall them asking this question but would have informed them of her concerns if they had asked. Southern Hills records indicate that Ms. McCord's injuries were not work-related. The Court finds, however, that medical records are not definitive proof on this issue. The medical records from October 4, 2014, indicate that Ms. McCord's claim is not work-related. (Ex. A, p. 8). The indication in the October 4 records follows the history Ms. McCord provided which did not mention work. The medical records from October 5, however, contain exactly the same indication. (Exh. B, p. 5). The Court finds that this indication does not reflect

4

Ms. McCord's recorded history because Ms. McCord reported that she "does a lot of heavy lifting at work." (Exh. B, p. 1). The Court finds that this indication, which does not accurately reflect the history Ms. McCord provided, corroborates Ms. McCord's testimony that the providers at Southern Hills never asked whether she suffered an injury at work.

The Court also finds Ms. McCord's testimony concerning reporting the injury credible. Ms. McCord testified that she did not notify her supervisor, Roosevelt Burrell, of her injury during her shift on October 3, 2014, or on October 4. Ms. McCord further testified that she returned to work at Cerqa on the morning of October 7, 2014. Mr. Burrell's affidavit corroborates Ms. McCord's testimony on these issues. (Exh. C). Additionally, Ms. McCord testified that she reported the injury on the day she returned to work. Mr. Burrell's affidavit stated that Ms. McCord tried to give him some "medical paperwork" on the day she returned to work. *Id.* Mr. Burrell, however, instructed her to give the paperwork to the staffing agency. *Id.* The Court finds that Ms. McCord attempted to report the injury to Mr. Burrell during her shift by giving him the medical paperwork.

Furthermore, the Court finds that this all occurred before Ms. Doty notified Ms. McCord that her assignment at Cerqa had ended. Ms. Doty testified that she called Ms. McCord at 4:00 p.m. on the afternoon of October 7, 2014, to inform her that her assignment at Cerga had ended. Because Ms. McCord did not know that her assignment with Cerqa had ended before she first attempted to report the claim, the Court finds that Ms. McCord did not fabricate an injury in retaliation for the elimination of her assignment at Cerqa. The Court further finds that Ms. McCord did not fabricate an injury at all.

The Court finds that Ms. McCord carried her burden of establishing that she suffered an injury primarily arising out of and in the course and scope of her employment with Advantage. The Court denies Advantage's defense with regard to this issue.

While the timing of the report resulted in conflict between the parties concerning the validity of the claimed injury, there is no doubt that Ms. McCord reported her claim in a timely manner pursuant to Tennessee Workers' Compensation Law:

> Every injured employee or the injured employee's representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury, and the employee shall not be entitled to physician's fees or to any compensation that may have accrued under this chapter, from the date of the accident to the giving of notice, unless it can be shown that the employer had actual knowledge of the accident. No compensation shall be payable under this chapter, unless the written notice is given to the employer within thirty (30) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.

Tenn. Code Ann. § 50-6-201(a)(1) (2014). Ms. McCord alleged that she suffered an injury on October 3, 2014. Ms. Doty testified that Ms. McCord came to her office and completed a written accident report on October 8, 2014. Accordingly, Ms. McCord provided written notice of the accident to Advantage within thirty days after the accident occurred.

Based on these facts, the Court finds that Ms. McCord established a *prima facie* case for a compensable work-related injury and, depending on the medical proof on causation, is likely to prevail at trial. Because she established a *prima facie* case, Advantage must provide medical treatment. Tennessee law requires an employer to provide "…free of charge to the employee such medical and surgical treatment…made reasonably necessary by accident as defined in this chapter[.]" *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). Upon being provided notice of a workplace injury, the workers' compensation law requires an employer to "…designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups if available in the injured employee's community or, if not so available, in accordance with subdivision (a)(3)(B), from which the injured employee shall select one (1) to be the treating physician." *Id.* at 50-6-204(a)(3)(A)(i). Advantage shall provide medical treatment to Ms. McCord in accordance with this statute

**IT IS, THEREFORE, ORDERED** as follows:

1. Advantage shall provide Ms. McCord with medical treatment for her injuries as required by Tennessee Code Annotated section 50-6-204, to be initiated by providing Ms. McCord with a panel of three physicians from which she shall have the right to choose the authorized treating physician.

2. This is not a final order.

3. This matter is set for Initial Hearing via teleconference on Tuesday, April 14, 2015, at 10 a.m. (CDT). Instructions on how to participate in the teleconference are included below.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ISSUE AND FILED WITH THE CLERK ON THIS THE 27th DAY OF FEBRUARY, 2015.**

_____
**Joshua Davis Baker**
**Workers' Compensation Judge**

<u>Initial Hearing</u>:

An Initial Hearing has been set with Judge Joshua Davis, Court of Workers Compensation Claims. You must call (615) 741-2113 or toll free at (855) 874-0474 to participate in the Initial Hearing. Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 27th day of February, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Adrienne Fazio | | | | | x | afazio@eraclides.com |
| Kim Thompson | | | | | x | kthompson@tlgpllc.com |
| Christen Bryant | | | | | | christen@tlgpllc.com |

Penny Patterson Shrum, Clerk
Tennessee Court of Workers'
Compensation Claims

9