FILED

March 10, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:17 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: Tracy Payne**

**EMPLOYER: D and D Electric**

**CARRIER: The Hartford Ins. Co.**

**DOCKET #: 2014-01-0023**
**STATE FILE #: 60880-2014**
**DATE OF INJURY: August 1, 2014**

## EXPEDITED HEARING ORDER DENYING BENEFITS ON THE GROUND OF COMPENSABILITY

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed on February 11, 2015 by Tracy Payne, the employee, pursuant to Tennessee Code Annotated section 50-6-239(d). Mr. Payne requested an evidentiary hearing pursuant to Rule 0800-02-21-.14(1)(b) of the Tennessee Comprehensive Rules and Regulations. The undersigned convened a hearing of this matter by telephone on March 4, 2015. Mr. Payne appeared *pro se* and attorney Blair Cannon represented the employer, D and D Electric (D and D). Upon review of Mr. Payne's request, the evidence submitted, the testimony of witnesses, the arguments of counsel, and in consideration of the applicable law, the Court enters the following Expedited Hearing Order Denying Benefits on the Ground of Compensability:

### ANALYSIS

#### Issue

Whether Mr. Payne sustained an injury which arose primarily out of and in the course and scope of employment.

#### Evidence Submitted

Employee was the only witness who testified. The Court received into evidence the following exhibits:

- Exhibit 1—Records of Memorial Health Care System (13 pages);
- Exhibit 2—Records of Memorial Hospital Wound Healing Center (16 pages);
- Exhibit 3—Records of University Diabetes & Endocrine Consultants (23 pages);
- Exhibit 4—Records of Dr. John Chrostowski (4 pages);

1

- Exhibit 5—Records of Advanced Foot Care (54 pages); and
- Exhibit 6—Records of Hamilton Medical Center (24 pages).

The Court designated the following as the technical record:

- Petition for Benefit Determination filed February 2, 2015;
- Dispute Certification Notice filed February 24, 2015;
- Request for Expedited Hearing filed February 24, 2015;
- Position statement of Mr. Payne; and
- Position statement of D and D.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence.

## History of Claim

Mr. Payne worked as an electrician for D and D. He claimed that he broke his left foot while walking from his workplace to his truck on August 1, 2014. Mr. Payne asserted that he gave D and D's owner, Brent Davidson, verbal notice of his alleged work-related foot injury the day after the injury occurred. According to Mr. Payne, Mr. Davidson authorized him to seek medical care for his left foot injury. He asserted that Mr. Davidson did not give him a panel and did not designate a specific provider from which to seek treatment. Mr. Payne obtained treatment at the emergency room at Memorial Heath Care Center (Memorial).

By the next day, Mr. Payne experienced worsening left-foot pain and swelling and developed a fever. He claimed that he reported this information to Mr. Davidson, who again authorized him to seek medical care without offering a panel or designating a specific provider. Mr. Payne sought medical care at Hamilton Medical Center in Dalton, Georgia (HMC). The emergency physician admitted Mr. Payne as an in-patient at Hamilton. Mr. Payne's hospitalization extended eight (8) days and he underwent surgery on his left foot while hospitalized. Mr. Payne has not worked since the date of injury.

On November 14, 2014, the Court convened a telephonic Expedited Hearing to consider Mr. Payne's claim for medical and temporary disability benefits. By order dated November 24, 2014, the Court denied Mr. Payne's claim for temporary disability benefits, but ordered that D and D provide Mr. Payne a panel for treatment of his left foot injury. D and D complied with the Court's order by offering a panel from which Mr. Payne selected Dr. John Chrostowski.

## Employee's Contentions

Mr. Payne contends that he gave timely notice of his injury to D and D's owner, who gave him unrestricted authorization to obtain treatment of his injury. Accordingly, Mr. Payne claims that D and D should pay for the emergency treatment he received at Memorial and for the surgery and other services that he received while hospitalized at HMC.

Mr. Payne alleges that both the emergency room physician at Memorial and the surgeon who operated on his left foot restricted him from prolonged standing and walking. Furthermore, he asserts that, since the date of injury, he cannot stand for more than a short period of time because of pain and swelling in his left foot. Since most electrician work requires prolonged standing and walking, Mr. Payne claims that he is entitled to temporary disability benefits from the date of injury until either the date of his release to return to work or the date he attains maximum medical improvement.

## Employer's Contentions

D and D argues that diabetes and pre-existing left foot conditions contributed to the disability and need for medical treatment for which Mr. Payne seeks benefits. D and D contends that it does not owe benefits because Mr. Payne did not establish by medical expert opinion that the injury to his left foot arose primarily out of and in the course and scope of employment.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

When determining whether to award benefits, a workers' compensation judge must decide whether, based on the evidence introduced at the Expedited Hearing, the moving party is likely to succeed on the merits at the Compensation Hearing. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, the injured employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6).

### *Factual Findings*

Upon consideration of Mr. Payne's testimony, the medical records admitted into evidence, and the entire record, the Court makes the following factual findings:

- Mr. Payne suffered from diabetic neuropathy and a degenerative deterioration of his left foot and ankle known as Charcot's foot which pre-existed the occurrence of his alleged August 1, 2014, work injury; and
- The medical expert opinion admitted into evidence does not establish that Mr. Payne's left foot condition arose primarily out of and in the course and scope of employment.

### *Application of Law to Facts*

Except in the most obvious, simple and routine cases, a claimant in a workers' compensation case must establish a causal relationship between the claimed injury and the employment activity by a preponderance of the expert medical testimony, as supplemented by lay evidence. *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). Prior to reforms to the Workers' Compensation Law which came into effect July 1, 2014, an injured worker could establish causation through credible lay testimony supported by equivocal medical

expert opinion, such as by an opinion that an incident at work "could be" the cause of an injury. *Williams v. UPS,* 328 S.W.3d 497, 504 (Tenn. 2010); *Tindall v. Waring Park Asso.,* 725 S. W. 2d 935, 937 (Tenn. 1987). Because Mr. Payne's injury occurred on August 1, 2014, he must meet a more stringent evidentiary standard in order to establish a compensable claim.

Under current law, "[a]n injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. §50-6-102(13)(B)(2014). The law further provides that: "An injury causes death, disablement or the need for medical treatment only if it has been shown by a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or the need for medical treatment, considering all causes." Tenn. Code Ann. §50-6-102(13)(C)(2014). Tennessee Code annotated section 50-6-102(13)(D) provides: "'Shown to a reasonable degree of medical certainty' means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility."

The parties stipulated to the medical records admitted into evidence at the Expedited Hearing. The records of Advanced Foot Care contradict Mr. Payne's testimony that he did not have left foot problems prior to August 1, 2014 (Ex. 5). While most of Mr. Payne's treatment at Advanced Foot Care involved his right foot, the Advanced Foot Care records from Mr. Payne's initial visit on August 22, 2013, revealed that he suffered from bone and joint abnormalities **bilaterally** (Ex. 6, p. 4) (emphasis added). Specifically, Podiatrist Claire Bello III noted that Mr. Payne did not have normal range of motion in either of his ankles or in the subtalar and midtarsal joints of his feet (Ex. 6. p. 4). The podiatrist further noted bilateral lower extremity misalignments and asymmetry, as well as digital contractures in the toes of Mr. Payne's feet (Ex. 6, p. 4).

On December 17, 2013, Mr. Payne reported the development of a lesion on his left foot (Ex. 6, p. 35). On December 24, 2013, Mr. Payne reported that "his left foot still swells across the forefoot and ankle" (Ex. 6, p. 37). On December 31, 2013, Mr. Payne reported improvement in his right foot and stated that "he would be even better if his left foot would stop swelling" (Ex. 6, p. 39). The Advanced Foot Care notes further indicate that Mr. Payne reported left foot swelling on January 21, March 20, and April 1, 2014 (Ex. 6, pp. 41, 48-49, 50). The March 20, 2014, note indicates that the podiatrist gave Mr. Payne a "Unna boot" to treat the swelling in his left foot (Ex. 6, pp. 48-49).

Mr. Payne received treatment from two (2) orthopedic surgeons after August 1, 2014. Dr. Dale Reed operated on Mr. Payne's left foot on August 6, 2014 (Exhibit 6, pp. 18-20). In a September 25, 2014, report, Dr. Reed described Mr. Payne as a "poorly controlled diabetic" (Ex. 5, p. 10). At the Expedited Hearing, Mr. Payne admitted to being diabetic, but disagreed with Dr. Reed's characterization that the diabetes was uncontrolled. Nonetheless, the Advanced Foot Care Records indicate that Mr. Payne suffered poor wound healing due to diabetes and that a portion of his right foot required amputation (Ex. 6, pp. 11-14).

Dr. Reed diagnosed Mr. Payne with "a Charcot foot with overlying osteomyelitis with extensive destruction of the bony structures" (Ex. 5, p. 10). The website of the American

Orthopedic Foot & Ankle Society defines a Charcot foot and ankle as: "a syndrome in patients who have neuropathy or loss of sensation. It includes fractures and dislocations of bones and joints that occur with minimal or no known trauma." This article lists diabetes as a condition which can result in a Charcot's condition (www.aofas.org/footcaremd/conditions/diabetic-foot/Pages/Charcot).

When asked whether Mr. Payne's left foot condition is work-related, Dr. Reed stated: "I can honestly **say the Charcot foot and diabetic changes have likely been coming on for quite some time**" (emphasis added). Dr. Reed considered several possible scenarios by which a work-related trauma "could have led" to the osteomyelitis in Mr. Payne's left foot that required surgery. In summary, Dr. Reed opined" "[h]onestly, to the best of my medical knowledge I cannot say for 100% certainty that this was or was not a work related injury that led to the sequelae of events" (Ex. 6, p. 10).

Dr. John Chrostowski saw Mr. Payne on January 22, 2015 (Ex. 4. p. 1). Dr. Chrostowski diagnosed the problems in Mr. Payne's left foot as a Charcot's neuropathy "that is in the collapsed phase" (Ex. 4, p. 2). He recorded the following history from Mr. Payne: "he missed a step while going down the stairs carrying a 30Lb bag of tools…He heard or felt a pop…**the patient has no prior history of similar problem**" (Ex. 4, p. 1) (emphasis added). In his note, Dr. Chrostowski opined: "[i]t is likely that this was a pre-existing condition that was aggravated by the patient's work injury. It is not likely that the work injury created the whole problem" (Ex. 4, p. 3).

Because Mr. Payne had left-foot conditions that pre-dated the alleged August 1, 2014, date of injury, he must prove by medical expert opinion that his work injury "contributed more than fifty percent (50%) in causing the injury **considering all causes**" (emphasis added) in order to recover. *See* Tenn. Code Ann. § 50-6-102(13)(B)(2014). After reviewing the medical expert opinions admitted into evidence at the Expedited Hearing, the Court finds that Mr. Payne did not establish by a preponderance of the evidence that his left foot injury is work-related. The Court bases its finding on the following observations:

- When read as a whole, Dr. Reed states that he does not know if Mr. Payne's left foot injury is work-related;
- There is no indication that Dr. Chrostowski considered the necessary statutory standard (whether the claimed injury "contributed more than fifty percent (50%) in causing the injury considering all causes") in stating his opinion; and
- Dr. Chrostowski gave his opinion in consideration of the inaccurate assumption that Mr. Payne had no prior history of left foot problems.

On the basis of the above, the Court finds that Mr. Payne failed to present an expert medical opinion that established the work-relatedness of his claimed injury. Accordingly, the Court must deny his claim.

**IT IS, THEREFORE, ORDERED** that Mr. Payne's requests for medical and temporary disability benefits are denied on the grounds of compensability.

Initial Hearing:

A Status Conference has been set with Judge Thomas Wyatt, Court of Workers Compensation Claims, on July 1, 2015, at 9:00 a.m. Eastern Time. You must call 615-741-2051 or toll free at 855-747-1721 to participate in the Initial Hearing.

Please Note: <u>You must call in on the scheduled date and time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 10TH DAY OF MARCH, 2015.

Judge Thomas Wyatt
Tennessee Court of Workers'
Compensation Claims
540 McCallie Avenue, Suite 600
Chattanooga, TN 37402

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3)

business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 10th day of March, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Tracy Payne | | | | | X | tracypayne@bellsouth.net |
| Blair Cannon, Atty. | | | | | X | Blair.cannon@thehartford.com |

Thomas Wyatt
Workers' Compensation Judge

7