

FILED

March 12, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 3:24 PM

## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: Yolanda Howard**

**EMPLOYER: Unum**

**CARRIER: Travelers Indemnity Co.**

**DOCKET #: 2015-01-0005**
**STATE FILE #: 84357-2014**
**DATE OF INJURY: Sept. 24, 2014**

## EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed on February 9, 2015 by Yolanda Howard, the employee, pursuant to Tennessee Code Annotated section 50-6-239(d). Ms. Howard requested an evidentiary hearing pursuant to Rule 0800-02-21-.14(1)(b) of the Tennessee Comprehensive Rules and Regulations. The undersigned convened a hearing of this matter by telephone on March 6, 2015. Ms. Howard appeared *pro se* and attorney Gerry Siciliano represented the employer, Unum. Upon review of Ms. Howard's request, the exhibits admitted into evidence, the testimony of witnesses, the arguments of counsel, and in consideration of the applicable law, the Court enters the following Expedited Hearing Order :

## ANALYSIS

### Issue

Whether Ms. Howard sustained an injury which arose primarily out of and in the course and scope of employment.

### Evidence Submitted

Employee was the only witness who testified. The Court received into evidence the following exhibits:

- Exhibit 1—Records of Dr. Marshall Jemison (11 pages);
- Exhibit 2—Causation questionnaire completed by Dr. Marshall Jemison (3 pages);
- Exhibit 3—Records of Galen Medical Group (6 pages);
- Exhibit 4—Supplemental records of Dr. Marshall Jemison (8 pages);
- Exhibit 5—Notice of Denial (1 page); and

1

- Exhibit 6—First Report of Injury (1 page).

The Court designated the following as the technical record:

- Petition for Benefit Determination;
- Dispute Certification Notice; and
- Request for Expedited Hearing.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence.

## History of Claim

Ms. Howard worked for Unum, a disability insurance carrier. During her five (5) year tenure at Unum, she served first as a customer service representative and, later, as a claim specialist. Both jobs required repetitive use of her fingers, hands, and arms while typing on a computer and operating a push-button telephone.

In 2012 and 2013, Ms. Howard reported to her supervisors that her work at Unum caused her to experience pain and numbness in her hands, fingers, and arms. Unum replaced Ms. Howard's keyboard and she sought relief through the use of anti-inflammatory medication. Ms. Howard's symptoms did not improve. Ms. Howard also attempted to work with splints, but her production slowed.

In June, 2014, Ms. Howard resigned from Unum due to multiple factors, including workplace stress caused by alleged unfair management practices. On October 21, 2014, Ms. Howard gave Unum notice of her intent to make a workers' compensation claim for her bilateral carpal tunnel syndrome. Unum denied the claim without paying benefits. On January 14, 2015, Ms. Howard filed a Petition for Benefit Determination seeking temporary disability and medical benefits for bilateral carpal tunnel syndrome.

## Employee's Contentions

Ms. Howard contends that she developed bilateral carpal tunnel syndrome while repetitively typing and operating the telephone during her tenure at Unum. She claims that Unum should pay for treatment of her carpal tunnel syndrome, including for the release surgery she underwent in January, 2015. Ms. Howard also claims entitlement to temporary disability benefits.

In response to Unum's claim that she failed to file her claim within the applicable statute of limitations, Ms. Howard claims that she filed her Petition for Benefit Determination within one (1) year from the date of the diagnosis of her carpal tunnel syndrome. Accordingly, Ms. Howard contends that she timely filed her claim.

2

## Employer's Contentions

Unum contends Ms. Howard's claim is not compensable because she failed to introduce a medical expert opinion establishing that her carpal tunnel syndrome arose primarily out of and in the course and scope of employment. Unum also contends that Ms. Howard did not file her claim within the applicable statute of limitations.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

When determining whether to award benefits, a workers' compensation judge must decide whether, based on the evidence introduced at the Expedited Hearing, the moving party is likely to succeed on the merits at the Compensation Hearing. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, the injured employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6).

### *Factual Findings*

Upon consideration of Ms. Howard's testimony, the medical records admitted into evidence, and the entire record, the Court makes the following factual findings:

- Ms. Howard experienced bilateral pain and numbness in her fingers, hands,, and arms as she repetitively typed and operated the telephone in the performance of her job at Unum;
- The pain and numbness in Ms. Howard's fingers, hands, and arms is caused by bilateral carpal tunnel syndrome; and
- The medical expert opinion admitted into evidence does not establish that Ms. Howard's bilateral carpal tunnel syndrome arose primarily out of and in the course and scope of employment.

### *Application of Law to Facts*

Except in the most obvious, simple and routine cases, a claimant in a workers' compensation case must establish a causal relationship between the claimed injury and the employment activity by a preponderance of the expert medical testimony, as supplemented by lay evidence (emphasis added). *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). Prior to July 1, 2014, an injured worker could establish causation through credible lay testimony supported by equivocal medical expert opinion, such as an opinion that an incident at work "could be" the cause of an injury. *Williams v. UPS,* 328 S.W.3d 497, 504 (Tenn. 2010); *Tindall v. Waring Park Asso.,* 725 S. W. 2d 935, 937 (Tenn. 1987). Because Ms. Howard's injury occurred August 1, 2014, she must meet a more stringent evidentiary standard in order to establish her claim to workers' compensation benefits.

Under current law, "[a]n injury 'arises primarily out of and in the course and scope of

3

employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. §50-6-102(13)(B)(2014). The law further provides that: "An injury causes death, disablement or the need for medical treatment only if it has been shown by a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or the need for medical treatment, considering all causes." Tenn. Code Ann. §50-6-102(13)(C)(2014). Tennessee Code annotated section 50-6-102(13)(D) provides: "'Shown to a reasonable degree of medical certainty' means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility."

The parties stipulated to the medical records admitted into evidence at the Expedited Hearing. The records establish that Ms. Howard suffers from bilateral carpal tunnel syndrome (Ex. 1, pp. 5, 7; Ex. 4, pp. 5-7). However, the only medical expert opinion on causation came from Dr. Jemison's response to a causation questionnaire drafted by the attorney representing Unum.

The causation questionnaire stated that Ms. Howard asserted that cumulative trauma caused her bilateral carpal tunnel syndrome (Ex. 2, p. 2). The questionnaire also stated that Ms. Howard "gives a history of diabetic conditions for several years" (Ex. 2. p. 2). The questionnaire posed the following inquiry to Dr. Jemison: "Based upon diagnostic tests and your evaluation and exam of Ms. Howard...certify within a reasonable degree of medical certainty if her ongoing bilateral hand problems arose primarily out of and in the course of her employment with Unum. On February 9, 2015, Dr. Jemison marked the "No ___ Not Primarily related" option to this inquiry.

In view of Dr. Jemison's response, and there being no other causation opinion admitted into evidence, the Court finds that Ms. Howard did not establish by expert medical opinion that her bilateral carpal tunnel syndrome arose primarily out of and in the course and scope of employment. For that reason, the Court at this time denies Ms. Howard's claim for medical and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** that Ms. Howard's claim for medical and temporary disability benefits is denied at this time.

Initial Hearing:

An Initial Hearing has been set with Judge Thomas Wyatt, Court of Workers Compensation Claims, on May 7, 2015, at 9:30 a.m. Eastern Time. You must call 615-741-2051 or toll free at 855-747-1721 to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date and time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

4

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 12TH DAY OF MARCH, 2015.

Judge Thomas Wyatt
Tennessee Court of Workers'
Compensation Claims
540 McCallie Avenue, Suite 600
Chattanooga, TN 37402

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 12th day of March, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|----------------|
| Yolanda Howard | | | | | X | Yhoward127@yahoo.com |
| Gerry Siciliano, Atty. | | | | | X | gms@lutheranderson.com |

**Thomas Wyatt**
**Workers' Compensation Judge**

6