FILED

April 16, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:32 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: ADMIR HADZIC**          **DOCKET #:   2014-02-0064**

**EMPLOYER: AVERITT EXPRESS**        **DATE OF INJURY: DECEMBER 8, 2014**

**INSURANCE CARRIER:   SELF INSURED**

## EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge on March 31, 2015, upon the Request for Expedited Hearing filed by Admir Hadzic (Mr. Hadzic), the Employee, on December 14, 2014, pursuant to Tennessee Code Annotated section 50-6-239, to determine if Averitt Express (Averitt), the Employer, is obligated to provide additional temporary disability benefits and medical benefits.

## ANALYSIS

### Issues

1. Whether Mr. Hadzic sustained an injury on December 8, 2014, arising primarily out of and in the course and scope of his employment with Averitt.
2. If so, whether Mr. Hadzic is entitled to medical and temporary disability benefits.

### Evidence Submitted

The following witnesses testified:

- Mr. Hadzic
- Mr. Rob Gox-Private Investigator
- Ms. Laura Mayberry-Lost Time Adjuster.

The Court designated the following as the technical record:

- Petition for Benefit Determination
- Dispute Certification Notice
- Request for Expedited Hearing.

1

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence.

The Court admitted the following into evidence:

- Exhibit 1: Employer's Handbook section regarding Driver Fatigue (2 pages)
- Exhibit 2: Letter from Tennessee Commissioner of Safety (1 page)
- Exhibit 3: Return to work slip-Dr. Fred Knickerbocker (1 page)
- Exhibit 4: Return to work slips-Dr. Jim Brasfield (2 pages)
- Exhibit 5: November 3, 2014 Medical Note-Dr. Brasfield (2 pages)
- Exhibit 6: Tennessee Driver Handbook, page 77 (1 page)
- Exhibit 7: Printouts of Various Web Sites (31 pages) (marked for identification only)
- Exhibit 8: Qualcomm data pictures (6 pages)
- Exhibit 9: Petition for Benefit Determination, Date of Injury July 2, 2014 (2 pages)
- Exhibit 10: Petition for Benefit Determination, Date of Injury December 8, 2014 (2 pages)
- Exhibit 11: December 8, 2014 Work Injury Statement (1 page)
- Exhibit 12: Revised December 8, 2014 Work Injury Statement (1 Page)
- Exhibit 13: Diagnostic Testing Reports (9 pages)
- Exhibit 14: Picture of Mr. Hadzic's home (1 page)
- Exhibit 15: Picture of Mr. Hadzic's home (1 page)
- Exhibit 16: Picture of Mr. Hadzic on lawn mower (1 page)
- Exhibit 17: Picture of Mr. Hadzic on lawn mower (1 page)
- Exhibit 18: Picture of Mr. Hadzic on lawn mower (1 page)
- Exhibit 19: Picture of brush pile in Mr. Hadzic's yard (1 page)
- Exhibit 20: Picture of Mr. Hadzic using clippers (1 page)
- Exhibit 21: Picture of Mr. Hadzic using clippers (1 page)
- Exhibit 22: Affidavit of Joseph Gordon (3 pages)
- Exhibit 23: Video of Mr. Hadzic October 2014
- Exhibit 24: Video of Mr. Hadzic December 11-13, 2014
- Exhibit 25: Affidavit of Laura Newberry (4 pages)
- Exhibit 26: Disability Payment Ledger and light-duty hours Mr. Hadzic worked following the July 2, 2014 injury (7 pages)
- Exhibit 27: Notice of Denial Letter dated December 15, 2014 (1 page)
- Exhibit 28: First Report of Injury-Date of Injury December 8, 2014 (1 page)
- Exhibit 29: July 2, 2014 Work Injury Statement (1 page)
- Exhibit 30: Medical Records-Dr. Robert Detroye (4 pages)
- Exhibit 31: Work Status Report-Dr. Richard Duncan (1 page)
- Exhibit 32: Medical Record- Dr. Richard Duncan (1 page)
- Exhibit 33: Medical Record- Dr. Jim Brasfield (2 pages)
- Exhibit 34: Diagnostic Testing Reports (2 pages).

2

## History of Claim

Mr. Hadzic, a truck-driver for Averitt, alleged an injury to his arm, chest, and lower body while lifting his personal cooler into his work truck on Averitt's property on December 8, 2014 (Exhibits 11-12). Prior to this incident, Mr. Hadzic alleged an injury to his upper back, right shoulder, right arm, and the right side of his neck on July 2, 2014, as he turned the landing gear handle on a trailer (Exhibit 29). Averitt authorized Drs. Fred Knickerbocker, Jim Brasfield, Richard Duncan, and Robert Detroye to treat Mr. Hadzic's complaints following the July 2, 2014 incident.

Mr. Hadzic disagreed with Averitt's handling of his July 2014 incident. Mr. Hadzic wanted treatment for his low back, but Averitt limited treatment to his upper back (Exhibit 32). Diagnostic testing indicated degenerative problems in the cervical spine with no known etiology for his right side radiculopathy (Exhibit 34, page 2). Dr. Brasfield noted a normal EMG/NVC and further noted that Mr. Hadzic had not suffered a cervical injury due to the incident on July 2, 2014, but rather suffered an injury to his shoulder (Exhibit 33, page 1). He released Mr. Hadzic to work from a neurosurgical standpoint on November 24, 2014 (Exhibit 4, pages 1-2). Dr. Brasfield opined that Mr. Hadzic's orthopedic doctors should address his shoulder injury (Ex. 33, page 1).

A nurse case manager took the information from Dr. Brasfield to Dr. Knickerbocker. Dr. Knickerbocker, an orthopedic physician, treated Mr. Hadzic for his July 2, 2014 work injury. Dr. Knickerbocker released Mr. Hadzic to return to work without restrictions on November 24, 2014 (Exhibit. 3).

Following the July 2, 2014 incident, Averitt hired private investigators to observe and record Mr. Hadzic's activities. Surveillance demonstrated Mr. Hadzic driving his riding lawn mower, using a rake to hold a large pile of brush, and using garden clippers (Exhibits 16-18 and 20-23). Mr. Hadzic worked light duty at the American Red Cross following the July 2, 2014 incident, and Averitt paid him temporary partial disability benefits (Exhibit 26).

Following his return to work, Averitt dispatched Mr. Hadzic to deliver a load beginning December 8, 2014. At home, in preparation for the assignment, Mr. Hadzic packed a large cooler with food. Mr. Hadzic estimated the cooler weighed sixty (60) pounds (Exhibit 12). Mr. Hadzic's daughter placed the cooler in Mr. Hadzic's personal vehicle because she was afraid he would injure himself if he lifted it. Upon arrival at Averitt's site, Mr. Hadzic lifted the cooler out of his personal vehicle and attempted to place it in his work truck when the alleged injury occurred. Mr. Hadzic also lifted his personal GPS and maps from his personal vehicle to put into his work vehicle but did not suffer an injury lifting those items.

Averitt initially provided medical treatment for the alleged December 8, 2014 injury. The hospital physicians ordered diagnostic tests, which indicated degenerative changes but no acute abnormalities or fractures (Exhibit 13). Following Mr. Hadzic's initial treatment, Averitt denied the claim on the basis that his injury was not work-related. Mr. Hadzic has not worked since December 8, 2014.

Mr. Hadzic's Petition for Benefit Determination (PBD) requested temporary disability

benefits and medical benefits. The parties did not reach an agreement on the issues. This matter came before the Court on March 31, 2015.

## Mr. Hadzic's Contentions

Mr. Hadzic contends that he injured his arm, chest, and lower body while lifting his personal cooler from his personal vehicle into his work truck on Averitt's property on December 8, 2014. He acknowledged Averitt did not require him to bring a cooler to work. He brought it because he feels it allows him to timely deliver his loads and would be helpful in case of an emergency. He contends he cannot drive in and out of truck stops very well because he drives a large truck. He further asserts he never recovered from his first injury in July 2014, and so he was susceptible to injury on December 8, 2014. He, therefore, requests medical benefits and temporary disability benefits.

## Averitt's Contentions

Averitt contends that Mr. Hadzic's injury did not arise primarily out of his employment, and was personal in nature. It avers that it does not require an employee to bring a cooler full of food to use in Averitt's trucks. It acknowledges that it allows and suggests in its handbook that employees consider bringing water, coffee, and snacks. It asserts that Mr. Hadzic exaggerated the symptoms of his July 2, 2014 work injury according to its surveillance and the medical records, and that Mr. Hadzic only alleged the December 8, 2014 injury after filing a PBD for his July 2014 injury. Averitt additionally contends that Mr. Hadzic's claim should be dismissed because he failed to file an affidavit with his Request for Expedited Hearing.

## Findings of Fact and Conclusions of Law

### Standard Applied

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. § 50-6-239(c) (2014). A different standard of proof exists for the issuance of interlocutory orders at Expedited Hearings than the standard of proof required at Compensation Hearings. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. 50-6-239(d)(1) (2014); *McCall v. Nat'l Health Care Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003).

### Factual Findings

The evidence proves that Mr. Hadzic alleged an injury on July 2, 2014. When he returned to

4

work on December 8, 2014, he felt he had not fully recovered from his July 2, 2014 injury and he was dissatisfied with his medical treatment. He alleged a new injury on December 8, 2014, due to lifting a personal cooler out of his personal vehicle and into Averitt's truck. He voluntarily packed the cooler and brought it to work. Averitt did not require Mr. Hadzic to bring a cooler to work. Mr. Hadzic did not prove any hazard associated with his employment.

*Application of Law to Facts*

A preliminary issue is whether the Court should dismiss Mr. Hadzic's case for failing to submit an affidavit with his Request for Expedited Hearing. Counsel for Averitt argued that Rule 0800-02-21-.14(1)(a) requires a party to submit affidavits with a Motion for Expedited Hearing. Since Mr. Hadzic failed to submit any affidavits with his Motion for Expedited Hearing, counsel for Averitt requested the court to dismiss Mr. Hadzic's Motion for Expedited Hearing.

Rule 0800-02-21-.14(1)(a) of the Mediation and Hearing Procedures states:

> All motions for expedited hearing must be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits.

Tenn. Comp. R. & Regs., Rule 0800-02-21-.14(1)(a)(2014).

This Court's Practice and Procedures also cover the issue of affidavits and their use. Procedures 5.01 and 7.02 provide that all Motions for Expedited Hearing must be accompanied by affidavits. These Practice and Procedures further explain that if a party intends to rely upon affidavits, the moving party must file the affidavits at the time the party files the Motion for Expedited Hearing or when the matter is before a mediator.

The Court finds that the moving party is only required to file an affidavit if the moving party intends to rely on the affidavits at the Expedited Hearing. Mr. Hadzic elected to testify live at the Expedited Hearing and did not intend to rely on an affidavit. Therefore, an affidavit was unnecessary in this case.

The primary issue in this case is whether Mr. Hadzic sustained an injury on December 8, 2014, primarily arising out of and in the course and scope of his employment with Averitt. Tennessee Code Annotated Section 50-6-102(13) defines injury as follows:

> "Injury" or "personal injury" mean an injury by accident, a mental injury, occupational disease including diseases of the heart, lung and hypertension, or cumulative trauma conditions including hearing loss, carpal tunnel syndrome or any other repetitive motion conditions, arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee; provided, that:
>
> (A)    An injury is "accidental only if the injury is caused

5

by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence, and shall not include the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment;

(B)     An Injury "arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes;

(C)     An injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing death, disablement or need for medical treatment, considering all causes.

Mr. Hadzic alleges he injured his back and shoulders as he lifted his personal cooler into his work truck. This Court finds Mr. Hadzic failed to prove that Averitt required him to carry a cooler in his truck. At most, Averitt suggests that its drivers "[c]onsider packing bottles of water, a thermos of hot coffee and snacks." Although one could argue "packing" means placing the food items in a cooler, Mr. Hadzic did not prove that packing these items meant Averitt requires its employees to pack a large cooler. Mr. Hadzic acknowledged that he could have stopped at truck stops, but that it would have been an inconvenience due to the size of his truck. However, he failed to prove that truck stops were not equipped to accommodate large trucks. Mr. Hadzic further argued that packing his cooler kept him on time for deliveries because he stopped less often. However, he failed to demonstrate the use of the large cooler resulted in on-time deliveries, and without the use of the large cooler, his deliveries would be late. He also failed to demonstrate any hazard associated with employment that caused him to injure himself when he lifted his personal cooler.

The Court notes that Mr. Hadzic did not complain that he injured himself by carrying light personal items like a GPS unit or maps. It was the heavy personal cooler that caused his arm and shoulder to pop. The Court also notes that Mr. Hadzic's daughter and not Mr. Hadzic placed the cooler in his car before he left to go on the trip out of concern that he would injure himself if he lifted it.

To prove his injury arose primarily out of and in the course and scope of his employment, Mr. Hadzic must prove that the employment contributed more than fifty percent (50%) in causing the injury considering all causes. This Court carefully considered the causes presented and finds that Mr. Hadzic failed to prove his work contributed more than fifty percent (50%) in causing his injury. Accordingly, this Court concludes that Mr. Hadzic failed to prove he is likely to succeed on the merits at trial given the information available at this time.

6

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Hadzic's claim against Averitt or its workers' compensation carrier for the requested temporary total disability benefits and medical benefits is denied at this time.

2. This matter is set for Initial Hearing on June 29, 2015, at 2:00 p.m. Eastern Time.

   **ENTERED this the 16ᵗʰ day of April 2015.**

   _____
   **BRIAN K. ADDINGTON**
   **Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Brian K. Addington, Court of Workers Compensation. You must call 865-594-6538 or toll free at 855-543-5044 to participate in the Initial Hearing.

Please Note: You must call in on June 29, 2015, at 2:00 p.m. Eastern Time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 16th day of April, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Mail/Email Address |
|------|---------------|------------------|---------|-----------|-----------|-------------------|
| **Admir Hadzic** | x | x | | | X | **203 Clearview Street Johnson City, TN 37615** |
| **M. Forrester, Esq.** | | | | | x | **forrest@hsdlaw.com** |

**PENNY SHRUM**
**CLERK OF THE COURT**

8